This is an appeal from a judgment granting a Rule 60 (b) motion to set aside a judgment. We affirm.
As a preface to our opinion we explain that the 60 (b) motion was granted upon the ground that the judgment sought to be set aside was void. We have previously said that the granting of a Rule 60 (b) motion is an interlocutory order and not appealable. Sullivan v. Speedway Oil Company, 352 So.2d 1383
(Ala.Civ.App. 1977). However, we consider that when the motion to set aside is granted upon the ground that the original judgment was void for want of jurisdiction or authority, the grant of the motion finally disposes of the case and should be appealable. 11 Wright Miller, § 2871, 260 n. 95.
The undisputed facts from which this case arose are as follows: Plaintiff filed suit against defendant for defamation. Defendant was served but did not answer or appear. Default in favor of plaintiff was entered by the court with leave to prove damages in accordance with Rule 55 (b)(2) ARCP. The date was September 13, 1974. Plaintiff died November 15, 1974. On July 25, 1975, in response to a motion to substitute filed in accordance with Rule 25, ARCP, the court entered an "Order of Revivor," ordering the cause to be revived with the administratrix of the deceased as plaintiff and authorizing her to proceed to a final determination. Service of the motion to substitute by mail failed because defendant had changed residence. On August 18, 1978, final judgment in the amount of $1,000 was entered in favor of the plaintiff. Execution was attempted. On December 14, 1978, defendant filed a Rule 60 (b) motion to set aside the judgment. The matter was heard by a judge other than that who entered the previous orders. The court granted the motion to set aside on the ground that the judgment of August 18, 1978, was void in that there was no final judgment at the time of the death of plaintiff but only an action pending which by statute (§ 6-5-462, Code of Alabama (1975)) did not survive the death of plaintiff. Plaintiff appeals. The issue presented for review is: Does a judgment by default with leave to prove damages entered in an action for "injuries to the reputation" survive the death of the plaintiff so as to permit revival in favor of plaintiff's personal representative?
Plaintiff concedes that had there been no judgment in the case, the "action" would not have survived the death of her intestate.
It is plaintiff's argument that the "survival" statute (§6-5-462) is not the applicable statute, but rather § 6-9-194, which is a revival of judgment statute. Therefore, we need only consider whether § 6-9-194 applies.
Section 6-9-194 is one of seven statutes comprising Article 8 of Chapter 9 in Title 6 of the 1975 Code. It is very clear that each of these statutes relates to the duration and enforcement of judgments. The judgments referred to therein are those capable of being executed — i.e., those which are complete, entire, final, in which both liability and damages have been finally determined. Section 6-9-190 provides that a judgment cannot be revived after twenty years from its entry. Section6-9-191 provides for presumption of satisfaction of a judgment if ten years have elapsed since its entry or since the date of the issuance of the last execution. Section 6-9-192 bars issuance of an execution on a judgment on which no execution has been sued out within ten *Page 53 
years of its entry until there has been a revivor under the rules of procedure (formerly a writ of scire facias — now motion to revive — Rule 81 (3), ARCP). Section 6-9-193
provides for issuance of execution on judgment in favor of the personal representation after death of plaintiff without a revival. Thus, if there had been a judgment in this case, final and capable of execution prior to the death of the plaintiff, there would have been no necessity of revival by the personal representative to secure enforcement.
Section 6-9-194 has no application to "survival" of a judgment, or substitution of a personal representation in lieu of a deceased plaintiff for completion of the matter in court as was done in this case. It merely gives to the personal representative the right to revive a judgment upon which there has been no execution in ten years so that execution may issue. That is the same right which is given a plaintiff under §6-9-192. In seeking such revival, the movant would have the burden of overcoming the presumption of satisfaction declared in § 6-9-191.
It is readily seen when considered in context of the whole of Article 8, that § 6-9-194 has no application at all to the matter. It applies only to reviving for the purpose of securing execution of a final judgment upon which no execution was previously issued for a period of ten years. The default in this case was not even a judgment capable of "revival."
The trial court correctly stated in its judgment that all the matters in issue in plaintiff's action had not been determined at the time of his death and the action was abated thereby under the provisions of § 6-5-462. We commend the court for its written opinion and we affirm it.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.