Ollie Jo Nix ("the judgment creditor") appeals from an order of the Lee Circuit Court granting a motion pursuant to Rule 60(b), Ala. R. Civ. P., filed by Evelyn Cassidy ("the judgment debtor") seeking relief from a foreign judgment that had previously been registered by the judgment creditor in the circuit court. Because we conclude that the circuit court erred in granting the judgment debtor's motion, we reverse that court's order and remand the cause for the entry of an order denying that motion.
In June 1999, the Superior Court of Muscogee County, Georgia, entered a judgment in favor of the judgment creditor and against the judgment debtor in the amount of $23,020. The judgment creditor filed a certified copy of that judgment in the circuit court on August 6, 1999, and on August 11, 1999, the clerk of that court mailed a "Notice of Filing of Foreign Judgment" to the judgment debtor in which the judgment debtor was advised that the Georgia court's judgment had been filed in the circuit court and that that judgment was "subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of a circuit court of this state." Because the judgment debtor did not respond to the notice of filing of the foreign judgment, the circuit court issued a certificate of judgment on September 30, 1999, and that certificate was recorded in the office of the Lee County probate judge on October 13, 1999.
In January 2001, the circuit court issued a writ of execution directing any Alabama law officer to seize any real or personal property of the judgment debtor that would satisfy the registered judgment. The writ was served on the judgment debtor later that month. In May 2001, the sheriff of Lee County held an auction at which the sheriff sold, for $20,000, certain parcels of real property in Lee County that had formerly been owned by the judgment debtor.
On August 20, 2003, over four years after the filing of the Georgia judgment in the circuit court, the judgment debtor filed a motion seeking relief from the circuit court's "domesticated" judgment. In her motion, the judgment debtor alleged that the judgment creditor had failed to file an affidavit stating the names of the judgment creditor and the judgment debtor and averring that the Georgia judgment was valid, enforceable, and had not been satisfied. The judgment debtor contended that the failure to file such an affidavit rendered invalid the circuit court's "domestication" of the Georgia judgment. After each party had filed a brief stating her position concerning the validity of the circuit court's judgment on the foreign judgment, the circuit court entered an order on December 2, 2003, granting the judgment debtor's motion. The judgment creditor timely appealed from that order, which we conclude to be immediately reviewable because *Page 1000 
it is based upon the ground that "the original judgment was void for want of jurisdiction or authority," and because the order "finally disposes of the case" in the circuit court. Littlefieldv. Cupps, 371 So.2d 51, 52 (Ala.Civ.App. 1979).
The judgment creditor contends that the judgment debtor's motion challenging the validity of the filing in the circuit court of the Georgia judgment could not properly have been granted by the circuit court because, she says, the judgment debtor's motion was not filed within a "reasonable time." Although Rule 60(b), Ala. R. Civ. P., does state that a motion for relief from a judgment "shall be made within a reasonable time," the Alabama Supreme Court recently held that "a motion for relief from a void judgment is not governed by the reasonable-time requirement of Rule 60(b)." Ex parte Full CircleDistrib., L.L.C., 883 So.2d 638, 643 (Ala. 2003). Because the judgment debtor alleged in the circuit court that that court lacked jurisdiction and that the "domesticated" judgment was therefore invalid, we conclude that her motion was proper under Rule 60(b)(4) despite having been filed over four years after the filing of the Georgia judgment in the circuit court. Cf. Greenev. Connelly, 628 So.2d 346, 350 (Ala. 1993) (opining that because judgment debtor's petition to vacate a foreign judgment challenged the validity of the foreign judgment by arguing that it was void for lack of personal jurisdiction, that petition was "in essence a Rule 60(b)(4), Ala. R. Civ. P., motion for relief from judgment").[1]
We now turn to the principal question presented by the judgment creditor's appeal: Did the circuit court lack jurisdiction so as to render its "domesticated" judgment void such that the judgment debtor's motion was due to be granted? To answer this question, we must turn to the provisions of Alabama's version of the Uniform Enforcement of Foreign Judgments Act ("the UEFJA"). As of last year, 46 states (including Alabama), the District of Columbia, and the United States Virgin Islands had adopted versions of the UEFJA based upon the 1964 revision of the UEFJA approved by the National Conference of Commissioners on Uniform State Laws; Alabama adopted the UEFJA in 1986. See 13 U.L.A. 155-56 (2002); Ala. Code 1975, § 6-9-230 et seq. The UEFJA is to be interpreted and construed so as "to effectuate its general purpose to make uniform the laws of those states which enact it." UEFJA, § 7, 13 U.L.A. 245 (2002); accord, Ala. Code 1975, §6-9-238.
Briefly stated, the UEFJA provides that when a copy of a duly authenticated judgment of another state is filed in the clerk's office of any Alabama circuit court, that filing will be docketed, notice of that filing will be sent to the judgment debtor, and the filed judgment will be treated as a judgment of that circuit court. See UEFJA, §§ 1 and 2, 13 U.L.A. 160, 163 (2002); accord, Ala. Code 1975, §§ 6-9-231 and 6-9-232. Thus, in Alabama, a "foreign judgment" filed pursuant to the UEFJA "has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of a circuit court of this state." Ala. Code 1975, § 6-9-232.
Section 6-9-233(a), Ala. Code 1975, which is part of Alabama's version of the UEFJA and which is patterned on § 3(a) of the UEFJA, states that "[a]t the time of filing [of the foreign judgment], the judgment creditor, or his lawyer, shall make and file with the clerk of the circuit court an affidavit *Page 1001 
setting forth the name and last known post office address of the judgment debtor, and the judgment creditor." However, §6-9-233(a) contains a second sentence that was not included in the UEFJA by the National Conference of Commissioners on Uniform State Laws: "In addition, such affidavit shall include a statement that the foreign judgment is valid, enforceable, and unsatisfied."[2] Ala. Code 1975, § 6-9-233(b) provides that the clerk of the circuit court shall mail the judgment debtor a notice of the filing of the foreign judgment "[p]romptly upon the filing of the foreign judgment and the affidavit." The judgment creditor's failure to file an affidavit containing the allegations required under § 6-9-233(a) when she filed the authenticated copy of the Georgia judgment forms the basis of the judgment debtor's motion for relief from the filing of that judgment in the circuit court (and, by implication, the basis of the circuit court's order granting that requested relief).
The judgment creditor contends that her failure to file an affidavit averring that the Georgia judgment was "valid, enforceable, and unsatisfied" does not give rise to a jurisdictional defect in the circuit court; rather, she contends, it amounts, in effect, to a technical failure that does not defeat the circuit court's jurisdiction. We agree. Although no Alabama appellate court has addressed the issue, courts in other states that have adopted the UEFJA have held that mere technical omissions in connection with filings of foreign judgments do not affect the jurisdiction of courts in which foreign judgments are filed. For example, in Miller v. Eloie Farms, Inc.,128 Ariz. 269, 625 P.2d 332 (Ct.App. 1980), the Arizona Court of Appeals concluded that a judgment creditor's filing of an affidavit containing an incorrect address for the judgment debtor, although amounting to a "failure to follow the statutory notice procedures," was "not fatal" to the filing of a foreign judgment in an Arizona trial court because an agent of the judgment debtor had had actual notice of the filing in Arizona of the foreign judgment. 128 Ariz. at 271, 625 P.2d at 333. Similarly, inConcannon v. Hampton, 584 P.2d 218, 221 (Okla. 1978), the Oklahoma Supreme Court held that a failure of the judgment creditor to list his own complete address, as required by § 3(a) of the UEFJA, did not prevent a Missouri judgment from being effectively filed in Oklahoma.
Admittedly, those holdings concern the address-listing requirements of § 3(a) of the UEFJA, not Alabama's additional requirement that a judgment creditor state that the foreign judgment being filed is valid, enforceable, and unsatisfied. Whereas the address-listing requirements in § 3(a) of the UEFJA fulfill a procedural purpose by ensuring that the judgment creditor will provide sufficient means to notify the judgment debtor of the filing of the foreign judgment (see Concannon,584 P.2d at 221), the additional statements required under Ala. Code 1975, § 6-9-233(a), fulfill an evidentiary purpose by requiring the judgment creditor to make a prima facie showing of the validity of the foreign judgment on the record in the Alabama circuit court.
In this case, the clerk of the circuit court unquestionably erred in sending the judgment debtor notice of the filing of the Georgia judgment before the judgment *Page 1002 
creditor had filed an affidavit in accordance with § 6-9-233(a). However, that error did not render the circuit court's judgment on the Georgia judgment void. As we noted in Ex parte R.S.C.,853 So.2d 228, 235 (Ala.Civ.App. 2002), "a judgment is not void simply because it is erroneous." Rather, "[a] judgment is void under Rule 60(b)(4) only if the court that rendered the judgment lacked subject-matter jurisdiction, personal jurisdiction, or if it acted in a manner inconsistent with due process of law."853 So.2d at 235-36.
Here, none of the circumstances set forth in R.S.C. are present. The circuit court had jurisdiction to accept the judgment creditor's filing of the Georgia judgment pursuant to §6-9-232 and its general jurisdiction, pursuant to Ala. Code 1975, § 12-11-30(1), over all civil actions involving amounts in controversy more than $10,000. Likewise, the circuit court obtained personal jurisdiction: it notified the judgment debtor by mail of the filing of the Georgia judgment, but the judgment debtor did not respond to the notice so as to contest the validity of the filing. Finally, as to due process, the Colorado Supreme Court held in Gedeon v. Gedeon, 630 P.2d 579, 582-83
(Colo.), appeal dismissed, 454 U.S. 1050, 102 S.Ct. 592,70 L.Ed.2d 585 (1981), that domestication of a valid foreign judgment under the procedures of the UEFJA amply protects a judgment debtor's due-process rights in that (1) the basic due-process requirements of notice and hearing have already been met by the court that rendered the original judgment, (2) notice is mailed to the last-known address of the judgment debtor at the time the foreign judgment is filed, and (3) an additional stay of enforcement of the judgment and further hearings can be sought and obtained.
In this case, the judgment debtor could certainly have contested the propriety of the filing of the Georgia judgment by filing an objection in the circuit court to the judgment creditor's failure to file the affidavit specified in Ala. Code 1975, § 6-9-233(a). See Ala. Code 1975, § 6-9-233(c) (providing for 30-day period between filing of foreign judgment and Alabama circuit court's issuance of execution or other enforcement process on that judgment). However, contrary to the judgment debtor's arguments, the judgment creditor's failure to file such an affidavit did not render void the filing of the Georgia judgment so as to divest the circuit court of jurisdiction; thus, the circuit court in this case erred in granting relief under Rule 60(b)(4) as to that filing. The circuit court's order granting the judgment debtor's motion for relief under Rule 60(b)(4) is therefore reversed, and the cause is remanded for the circuit court to enter an order denying that motion and reinstating the filing of the Georgia judgment in favor of the judgment creditor.
REVERSED AND REMANDED WITH INSTRUCTIONS.
YATES, P.J., and CRAWLEY and THOMPSON, JJ., concur.
MURDOCK, J., concurs in the result, without writing.
[1] Of course, in light of the holding in Ex parte Full CircleDistribution, the statement in Greene that "a Rule 60(b)(4) motion for relief from a judgment shall be made `within a reasonable time'" (628 So.2d at 351) is no longer good law.
[2] That additional requirement appears to have had its origins in Pennsylvania's version of the UEFJA, which was adopted in 1965 (21 years before Alabama's version of the UEFJA was adopted) and which contains precisely the same language. 42 Pa. Cons.Stat. Ann. § 4306(c)(1) (2004). Our research has revealed no Pennsylvania caselaw specifically addressing the effect of failing to comply with that requirement.