A04A0133. JOYNER v. RAYMOND JAMES FINANCIAL
SERVICES, INC.
(602 SE2d 871)

ELLINGTON, Judge.

This litigation began when John C. Joyner, as guardian of the property of an incapacitated adult, Fredna M. Cottingham, filed a claim with the National Association of Securities Dealers, Inc. ("NASD") against Raymond James Financial Services, Inc. ("Raymond James") and two of its brokers. After a hearing, the arbitration panel issued an award in favor of Joyner. Raymond James filed a petition in the Superior Court of Fulton County to vacate or modify the arbitration award, specifically challenging the award of attorney fees pursuant to OCGA § 13-6-11. Joyner filed a corresponding petition to confirm the award. The trial court denied Joyner's petition to confirm the award and granted Raymond James' petition to vacate the portion of the arbitration award awarding Joyner attorney fees. Joyner appeals, contending the trial court made several errors of law.[1] For the reasons which follow, we reverse.

The record shows the following undisputed facts. Pursuant to a general power of attorney, Cottingham's son opened an investment

---

[1] Cottingham died on February 17, 2004. The motion of Clifford Lee Cottingham, administrator of the estate of Fredna M. Cottingham, appointed by the Probate Court of Fulton County on July 21, 2004, to substitute himself as the appellant is hereby granted.

account with Raymond James, a registered broker/dealer. The power of attorney required prior approval by Cottingham's attorney at law for any transaction involving $5,000 or more. In his claim before the NASD tribunal, Joyner alleged that Raymond James, through its employees, violated the power of attorney by conducting transactions greater than $5,000 without Cottingham's attorney's approval, churned Cottingham's account,[2] violated federal and state securities law, violated NASD conduct rules regarding unsuitability and excessive concentration, and breached its fiduciary duty to Cottingham. Joyner sought to recover "well-managed account damages"[3] and improperly assessed commissions. In addition, Joyner sought "reasonable attorney's fees," generally, as well as "reasonable attorneys fees pursuant to OCGA § 10-5-14 for the . . . violations of the Georgia Securities Act."

The arbitration panel found Raymond James and the two individual brokers liable under the claims of negligence, breach of fiduciary duty, breach of contract, and violation of the NASD rules. The panel found the individual brokers were negligent in failing to ensure that they acted consistently with the power of attorney. The panel assigned "the bulk of the responsibility" for the misconduct to the firm. Of the actual damages awarded Joyner, the panel assessed the vast majority against Raymond James, and the panel also found the firm liable for "[Joyner's] attorneys' fees in the sum of $50,000.00 pursuant to OCGA § 13-6-11."

In its order vacating the award, the trial court noted "despite Joyner's failure to seek attorneys' fees pursuant to OCGA § 13-6-11, the Arbitration Award awarded Joyner attorneys' fees in the sum of $50,000.00 expressly pursuant to OCGA § 13-6-11." The trial court then vacated the award of attorney fees without identifying a specific federal or state law basis for doing so.

The trial court found that the transaction at issue involved interstate commerce, and Joyner does not challenge this finding. Therefore, federal substantive law governed the arbitration, the superior court's review, and our review. *Galindo v. Lanier Worldwide*, 241 Ga. App. 78, 80 (1) (526 SE2d 141) (1999). See 9 USC § 1 et seq. (Federal Arbitration Act). Under that body of law, an appellate court

---

[2] "Churning occurs when a securities broker enters into transactions and manages a client's account for the purpose of generating commissions and in disregard of his client's interests." (Citations omitted.) *Miley v. Oppenheimer & Co.*, 637 F2d 318, 324 (I) (5th Cir. 1981).

[3] See *Miley v. Oppenheimer & Co.*, 637 F2d at 327-328 (II) (under the "well-managed account" model for assessing damages in a churning case, a customer is entitled to recover the difference between the value her portfolio would have had if the account had been handled legitimately and the actual value of her portfolio after the broker's churning).

reviewing a lower court's decision confirming or vacating an arbitration award should accept findings of fact that are not "clearly erroneous" but decide questions of law de novo. *First Options of Chicago v. Kaplan*, 514 U. S. 938, 947-948 (III) (115 SC 1920, 131 LE2d 985) (1995); *Gianelli Money Purchase Plan & Trust v. ADM Investor Svcs.*, 146 F3d 1309, 1311 (II) (11th Cir. 1998). See also *Galindo v. Lanier Worldwide*, 241 Ga. App. at 80 (1).

1. Joyner contends the trial court erred in applying federal arbitration law as he did not file his petition to vacate in federal court. As noted above, it is undisputed that the transaction involved interstate commerce. See 9 USC § 1 (for purposes of the Federal Arbitration Act, "commerce" means, inter alia, "commerce among the several States").

> Where . . . a transaction [out of which an arbitration arises] involves commerce within the meaning of the Federal Arbitration Statute, the state law and policy with respect thereto must yield to the paramount federal law. . . . [Further,] the Federal Arbitration Act creates a body of federal substantive law. . . . Since the Federal Arbitration Act created a body of substantive federal law, if a state court has jurisdiction to vacate an award, federal law rather than state law governs the vacation of the award.

(Citations and punctuation omitted.) *Hilton Constr. Co. v. Martin Mechanical Contractors*, 251 Ga. 701, 703 (308 SE2d 830) (1983). "Under the federal statute, both state and federal courts have subject-matter jurisdiction to give force and effect to the federal arbitration code." (Citation omitted.) *Tampa Motel Mgmt. Co. v. Stratton of Florida*, 186 Ga. App. 135, 139 (3) (366 SE2d 804) (1988) (physical precedent only). Accordingly, the trial court correctly applied federal law.

2. Joyner contends the trial court misconstrued federal arbitration law. Specifically, Joyner argues Raymond James failed to show any of the statutory[4] or nonstatutory[5] grounds for vacatur. In a

---

[4] See 9 USC § 10 (a) (1)-(4).
  The grounds for vacation of the award under § 10 of the [Federal Arbitration] Act are (1) where the award was procured by corruption, fraud, or undue means; (2) where there is evident partiality or corruption in the arbitrators; (3) where misconduct of the arbitrators prejudiced the rights of the parties; (4) where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final and definite award was not made.
*Hilton Constr. Co. v. Martin Mechanical Contractors*, 251 Ga. at 703.
  [5] See *Industrial Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH*, 141 F3d 1434, 1446 (3) (C) (11th Cir. 1998) (the two nonstatutory defenses against enforcement of an arbitration

related enumeration, Joyner argues the trial court erred in vacating the award of attorney fees pursuant to OCGA § 13-6-11 on the basis that he failed to plead that Code section in his NASD claim. Raymond James argues, inter alia, the award pursuant to OCGA § 13-6-11 was arbitrary and capricious, one of the nonstatutory grounds for vacatur, in that Joyner did not satisfy all pleadings requirements for an award under that Code section, and therefore the trial court correctly vacated the award of attorney fees.

> [C]ourts may vacate an award as arbitrary and capricious when the award exhibits a wholesale departure from the law. An award is arbitrary and capricious only if a legal ground for the arbitrators['] decision cannot be inferred from the facts of the case. [An] award may be vacated as arbitrary and capricious if the reasoning is so palpably faulty that no judge, or group of judges, could ever conceivably have made such a ruling. . . . For an award to be vacated as arbitrary and capricious, the Panel's award must contain more than an error of law or interpretation. Rather, there must be no ground for the Panel's decision.

(Citations and punctuation omitted.) *Brown v. Rauscher Pierce Refsnes, Inc.*, 994 F2d 775, 781 (III) (A) (11th Cir. 1993). Where an arbitration award is silent as to its rationale, the party seeking vacatur under this standard must refute every rational basis on which the arbitrators could have relied. Id. at 779 (II) (A). Accordingly, the trial court in this case was authorized to vacate the award of fees pursuant to OCGA § 13-6-11 as arbitrary and capricious if there was no rational legal ground on which the arbitrators could have relied in making the award. *Brown v. Rauscher Pierce Refsnes, Inc.*, 994 F2d at 781 (III) (A).

"As a general rule, Georgia law does not provide for the award of attorney fees even to a prevailing party unless authorized by statute or by contract. When awarded by statute, such fees may be obtained only pursuant to the statute under which the action was brought and decided." (Citation and punctuation omitted.) *Monroe v. Taylor*, 259 Ga. App. 600, 602 (1) (577 SE2d 810) (2003). Further, "[s]ince any such statute is in derogation of common law, then it must be strictly construed against the award of such damages." (Citations omitted.) *VSI Enterprises v. Edwards*, 238 Ga. App. 369, 375 (2) (518 SE2d 765)

---

award are that the award is arbitrary and capricious and that enforcement of the award would be contrary to public policy).

(1999). OCGA § 13-6-11 provides: "The expenses of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them." "The elements which will authorize an award under OCGA § 13-6-11 have consistently been found to relate to the conduct arising from the transaction underlying the cause of action being litigated, not conduct during the course of the litigation itself." (Citations omitted.) *David G. Brown, P.E., Inc. v. Kent,* 274 Ga. 849, 850 (561 SE2d 89) (2002). Thus, OCGA § 13-6-11 authorizes an award of attorney fees where a plaintiff specifically prays for attorney fees and refers either to the Code section or to the criteria set forth therein, by alleging the defendant acted in bad faith in the underlying transaction, was stubbornly litigious, or caused the plaintiff unnecessary trouble and expense. Id.

Pretermitting whether this strict pleading requirement applies to attorney fees sought in arbitrations,[6] the record before the trial court showed that the arbitrators could have found that the pleading requirement was satisfied in this case. Joyner's NASD claim prayed for attorney fees and alleged that Raymond James acted in bad faith in the underlying transaction, specifically that it breached its fiduciary duty and knowingly violated the power of attorney, federal and state securities law, and NASD conduct rules. Further, the award of fees pursuant to OCGA § 13-6-11 is silent as to which of the criteria the panel found, and Raymond James failed to carry its burden of refuting every rational basis for awarding fees. As a matter of law, the award of actual damages based on findings of breach of contract, breach of fiduciary duty, and violation of NASD rules is consistent with a finding that Raymond James acted in bad faith in the underlying transaction. Because a legal ground for the arbitrators' award of fees can be inferred from the facts of the case submitted to the trial court, it cannot be said that the award of fees was arbitrary and

---

[6] Federal and state rules of civil procedure often do not apply in arbitration proceedings or are severely limited. See *Alexander v. Gardner-Denver Co.,* 415 U. S. 36, 57-58 (V) (94 SC 1011, 39 LE2d 147) (1974); *Booth v. Hume Publishing,* 902 F2d 925, 931 (11th Cir. 1990); OCGA § 9-11-81. Arbitrators may fashion a remedy to suit the facts and equities of a case regardless of whether the remedy would be available in an action filed in a court of law. See Stuart I. Silverman, Punitive Damages Awards in Commercial Arbitrations: The Role of Federal Substantive Law in Deriving Contractual Intent, 102 Commercial L. J. 306, 328, n. 105 (Fall 1997); OCGA § 9-9-13 (d) ("The fact that the relief [granted in arbitration proceedings] was such that it could not or would not be granted by a court of law or equity is not [a] ground for vacating or refusing to confirm the award."); *Scana Energy Marketing v. Cobb Energy Mgmt. Corp.,* 259 Ga. App. 216, 220 (1) (g) (576 SE2d 548) (2002) ("To obtain a resolution, arbitrators are free to apply broad principles of justice and good conscience, and decide according to their concept or notion of justice.") (citations and punctuation omitted).

capricious. See *David C. Joel, Attorney at Law, P.C. v. Chastain*, 254 Ga. App. 592, 597 (4) (562 SE2d 746) (2002); *Glisson v. Freeman*, 243 Ga. App. 92, 107 (3) (532 SE2d 442) (2000). Accordingly, the trial court exceeded its authority in vacating the panel's fee award, and we reverse. *Brown v. ITT Consumer Financial Corp.*, 211 F3d 1217, 1223 (II) (B) (11th Cir. 2000).

3. Joyner contends Georgia law does not support the trial court's decision to vacate the award of attorney fees. In light of our holding in Divisions 1 and 2, supra, this enumeration is moot.

4. Joyner contends the trial court erred in denying his motion for attorney fees pursuant to OCGA § 13-6-11 in connection with Raymond James' petition to vacate. Joyner claims that Raymond James "failed to raise one cognizable argument that even approaches the standards of federal or state law for vacatur." We are mindful, however, that "the mere refusal to pay a disputed claim is not the equivalent of stubborn litigiousness or causing unnecessary trouble and expense as contemplated under the statute. . . . The key is whether a bona fide controversy exists." (Citations and punctuation omitted.) *Rivergate Corp. v. Atlanta Indoor Advertising Concepts*, 210 Ga. App. 501, 504 (4) (436 SE2d 697) (1993). Having reviewed the entire record, we find no abuse of discretion in the trial court's rejection of this claim. Id.

*Judgment reversed. Andrews, P. J., and Miller, J., concur.*

DECIDED JULY 30, 2004.

*Shapiro, Fussell, Wedge & Smotherman, Daniel I. MacIntyre IV, Robert M. Sommers*, for appellant.
*Hunton & Williams, Scott M. Ratchick*, for appellee.