Lanier Worldwide, Inc. ("Lanier"), petitions for a writ of mandamus directing the Dallas Circuit Court to set aside an order vacating a domesticated judgment of the Fulton County, Georgia, Superior Court ("the Georgia court") entered in favor of Lanier and against Miller Funeral Services ("MFS"). We deny the petition.
The exhibits to Lanier's petition and MFS's answer (as amended) reveal the following. On December 7, 2001, a Lanier agent, Mark Davis, contacted Betty S. Miller, the secretary/treasurer of MFS, and sought to sell MFS a photocopy machine via a lease/purchase agreement. A completed "Order Agreement" dated December 7, 2001, identifying MFS as the customer and containing the name and signature "Betty S. Miller" is attached to Lanier's mandamus petition; that agreement indicates that MFS agreed to lease, with an option to purchase, two items of equipment from Lanier for 60 months and to make monthly payments of $309 beginning in March 2002. The agreement also contained the following arbitration clause:
 "Any controversy or claim arising out of or relating to this Agreement or the breach hereof, including any claim based upon or arising from an alleged tort, shall be settled by binding arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association in effect on the date of this Agreement, and judgment upon the award rendered by the arbitrator(s) may be entered by any court having jurisdiction thereof. Any remedy that would be available from a court of law or equity shall be available from the arbitrator(s). The arbitration hearing and all proceedings in connection therewith shall take place in Atlanta, Georgia. The arbitration hearing shall be commenced within (90) days of the filing of a Demand for Arbitration by either party, and the award shall be rendered within thirty (30) days of the conclusion of such hearing."
In September 2002, Lanier sent a demand letter to MFS, which MFS apparently ignored. Lanier then initiated arbitration proceedings through the services of Resolution Resources Corporation. MFS did not file a response to Lanier's claim in those proceedings, and in May 2003 the arbitrator issued an award in favor of Lanier, awarding Lanier the sum of $23,271.92 plus fees and expenses of the arbitration. In June 2003, Lanier filed a petition in the Georgia court seeking confirmation of the arbitration award; although MFS was served with a summons and a copy of that petition, MFS did not file any response in the Georgia court but instead sent a letter to Lanier's counsel denying liability on the underlying claim on the basis that the leased items had been returned to Lanier unopened and contesting the authenticity of Betty S. Miller's signature. The Georgia court, noting that "no defensive pleadings ha[d] been filed," entered a judgment in September 2003 confirming the arbitration award and assessing attorney fees in the amount of $500.
In January 2004, Lanier filed a copy of the Georgia judgment in the Dallas Circuit Court pursuant to the provisions of the Alabama Uniform Enforcement of Foreign Judgments Act, Ala. Code 1975, § 6-9-230 et seq. ("UEFJA"). The circuit court entered an order in response to that filing indicating that the Georgia judgment was enforceable in Alabama, and copies of that order were sent to counsel for Lanier and to MFS. *Page 118 
In April 2004, MFS filed a motion in the circuit court pursuant to Rule 60(b), Ala. R. Civ. P., seeking relief from the circuit court's domesticated judgment.[1] In support of that motion, MFS filed the affidavit of Betty S. Miller, in which she testified that she had attempted to cancel the order from Lanier on December 8, 2001, the day following the date specified in the "Order Agreement"; that affidavit incorporated as an exhibit Miller's letter to Lanier's counsel in response to the petition in the Georgia court to confirm the arbitration award. In response to MFS's motion, Lanier filed an affidavit executed by its Montgomery district administrative manager, who testified that MFS had executed the "Order Agreement" in Selma and that Lanier had shipped a photocopy machine and a facsimile machine to MFS from another state.
The circuit court held a hearing on MFS's motion for relief from the domesticated judgment in September 2004. At that hearing, counsel for MFS contended both that the Georgia court that had confirmed the arbitrator's award had not obtained in personam jurisdiction as to MFS and that MFS had not received notice of the registration proceedings in Alabama. MFS offered testimony at that hearing from one of its morticians and from its owner, Randall J. Miller (Betty S. Miller's husband). In pertinent part, the mortician testified that the equipment had been offered by Lanier's agent on a 60-day or a 90-day trial basis; he added that he had returned the leased equipment to Lanier's Montgomery office on the day it was delivered to MFS. Randall J. Miller testified that MFS had not done business in Georgia, that he had not received notice of the Georgia judgment until a sheriff's deputy had informed him in April 2004 of the domesticated judgment in Alabama, that he had received no pleadings from Lanier after proceedings had been filed in the Georgia court to confirm the arbitration award, and that the signature on the "Order Agreement" was not that of his wife.
On October 20, 2004, the circuit court declared "null and void" the domesticated judgment entered on February 10, 2004, and set that judgment aside. In effect, that order granted MFS's Rule 60(b) motion directed to the domesticated judgment. On November 1, 2004, Lanier filed a petition for a writ of mandamus in this court, challenging the propriety of the October 20, 2004, order.
In order for a writ of mandamus to issue, there must be: "(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." Ex parteAdams, 514 So.2d 845, 850 (Ala. 1987). If there is any doubt as to its necessity or propriety, a writ of mandamus shall not issue. Ex parte Johnson Land Co., 561 So.2d 506, 508 (Ala. 1990).
After a review of the parties' submissions to this court, we must conclude that Lanier has not demonstrated the existence of two of those elements. First, at the time that Lanier sought mandamus review, it had another adequate remedy: appeal. "Mandamus is not a substitute for appeal and is not available when there is a remedy by appeal." Ex parte Brooks,572 So.2d 409, 411 (Ala. 1990). *Page 119 
In Nix v. Cassidy, 899 So.2d 998 (Ala.Civ.App. 2004), this court recently considered the mode of review when an Alabama court grants a motion for relief from a domesticated foreign judgment. In that case, the judgment creditor filed a notice of appeal from the circuit court's order granting relief. Although orders granting relief under Rule 60(b) will not generally
support an appeal, see Ex parte Short, 434 So.2d 728, 730 (Ala. 1983), we concluded in Nix that the circuit court's order was "immediately reviewable" by appeal because it was based upon the ground that the original judgment was void for want of jurisdiction or authority and because the order "`finally dispose[d] of the case' in the circuit court."899 So.2d at 999-1000 (quoting Littlefield v. Cupps, 371 So.2d 51, 52
(Ala.Civ.App. 1979)). Similarly, the order in this case is based upon a finding of voidness that finally disposes of litigation in the circuit court. Based upon our reasoning in Nix, Lanier should have sought review by appeal, rather than by petitioning for an extraordinary writ.
Second, Lanier has failed to demonstrate a clear legal right to an order directing the circuit court to set aside its October 20, 2004, order. It is well settled that a judgment debtor is entitled, in an Alabama domestication proceeding, to call into question the jurisdiction of the rendering court:
 "Under the full faith and credit clause of the United States Constitution, Alabama courts are generally required to give a foreign judgment at least the res judicata effect which would be accorded in the state which rendered it. Durfee v. Duke, 375 U.S. 106, 84 S.Ct. 242, 11 L.Ed.2d 186 (1963). However, before giving effect to a foreign judgment, Alabama courts may inquire into the jurisdiction of the foreign court whose judgment is sought to be enforced. Wilson v. Lee, 406 So.2d 416 (Ala.Civ.App. 1981). The court's scope of inquiry is limited to (1) whether the issue of jurisdiction was fully and fairly litigated by the foreign court and (2) whether the issue of jurisdiction was finally decided by the foreign court. Durfee."
Alston Elec. Supply Co. v. Alabama Elec. Wholesalers, Inc.,586 So.2d 10, 11 (Ala.Civ.App. 1991).
In this case, although we agree with Lanier that the Federal Arbitration Act, 9 U.S.C. § 1 et seq. ("FAA"), may well apply to the parties, it has not been demonstrated that the crucial issue of personal jurisdiction has been "fully and fairly litigated" in the Georgia court. The Georgia court's judgment in favor of Lanier is, in effect, a default judgment that is based upon MFS's failure to file a response to Lanier's petition to confirm the arbitrator's award. Under Georgia law, to which one must turn in determining the validity of that judgment (see Stribling Equip.,Inc. v. Crager, 891 So.2d 299, 302 (Ala. 2004)), "[t]he defense of lack of personal jurisdiction is not waived simply because a foreign corporation which has been served with process fails to answer the complaint timely," and "`[w]hile it may not be wise to ignore . . . process, a defendant may do so, risk default, and later attack the judgment based upon the fact that the court did not have jurisdiction over him.'" B D Fabricators, Inc. v.D.H. Blair Inv. Banking Corp., 220 Ga.App. 373, 373-74,469 S.E.2d 683, 684-85 (1996).
Because the exhibits to the mandamus petition and the answer and amended answer thereto do not conclusively demonstrate that the Georgia court finally decided the issue of its in personam jurisdiction as to MFS after full and fair litigation of that issue, the Dallas Circuit Court properly inquired into the jurisdiction of the Georgia court. Alston Electric Supply, *Page 120 supra. The Dallas Circuit Court has no duty under the facts of this case to permit Lanier to register the Georgia court's judgment. Moreover, because the Dallas Circuit Court has set aside its domesticated judgment, rather than entering a "stay of enforcement" of a domesticated judgment, that court has no imperative duty to require the posting of security (see Ala. Code 1975, § 6-9-234).
For the reasons stated herein, Lanier's petition for a writ of mandamus is due to be denied. Lanier's motion for a stay pending the decision of its mandamus petition is denied as moot.
PETITION DENIED; MOTION TO STAY DENIED.
THOMPSON, J., concurs.
MURDOCK, J., concurs in the result, with writing, which CRAWLEY, P.J., and BRYAN, J., join.
[1] Under the UEFJA, a judgment entered by a court in another state that is later filed in an Alabama court "has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of a circuit court of this state." Ala. Code 1975, § 6-9-232.