Lanier Worldwide, Inc. ("Lanier"), appeals from an order of the Dallas Circuit Court ("the Alabama court") granting a motion filed by Gary L. Crum, Sr., an individual who does business under the name "Ellwood Community Church," for relief pursuant to Rule 60(b), Ala.R.Civ.P., from a judgment of the Superior Court of Fulton County, Georgia ("the Georgia court"), that was filed in the Alabama court pursuant to the Alabama Uniform Enforcement of Foreign Judgments Act ("the UEFJA"), § 6-9-230 et seq., Ala. Code 1975. We reverse and remand.
In November 2004, Lanier filed in the Alabama court a certified copy of a judgment that had been entered in July 2004 by the Georgia court in favor of Lanier and that had directed Crum to pay Lanier $17,045.66; Lanier also filed an affidavit of one of its attorneys, who testified that the judgment of the Georgia court was valid, enforceable, and unsatisfied. In response to Lanier's notice of filing, given under the UEFJA, of the Georgia court's judgment, Crum filed a motion pursuant to Rule 60(b), Ala.R.Civ.P., attacking the judgment of the Georgia court on the basis that the Georgia court had lacked personal jurisdiction because, Crum alleged, he had never been properly served and he lacked minimum contacts with Georgia. The Alabama court then held a hearing on Crum's motion in March 2005; at that hearing, the Alabama court received evidentiary exhibits and heard testimony from a process server who. testified to having personally served Crum with a copy of a petition filed in the Georgia court to confirm an award rendered in arbitration proceedings initiated by Lanier in Fulton County, Georgia. In December 2006, the Alabama court entered an order stating that "the Motion to Enforce the Arbitrator's Award is Denied"; because no such motion was pending *Page 453 
in the Alabama court, we treat that order as one granting Crum's Rule 60(b) motion and setting aside the registered judgment of the Georgia court.
In most cases, an order granting a Rule 60(b) motion is considered interlocutory and therefore not appealable. SeeEx parte Short, 434 So.2d 728, 730 (Ala. 1983). However, the Alabama court's order under review amounts to a conclusion that the judgment of the Georgia court sought to be filed in the Alabama court was void for lack of jurisdiction and that no further proceedings are contemplated with respect to enforcement of the Georgia court's judgment in the Alabama court. Alabama courts have consistently treated similar orders granting Rule 60(b) relief as appealable. See Nix v. Cassidy,899 So.2d 998, 999-1000 (Ala.Civ.App. 2004), and Greene v.Connelly, 628 So.2d 346, 350-51 (Ala. 1993) (by implication). Because Crum's motion challenged the Georgia judgment on jurisdictional grounds, his attack on that judgment amounted to a contention that that judgment was void, which is cognizable under subsection (4) of Rule 60(b).
 "When the grant . . . of relief turns on the validity of the judgment, as under Rule 60(b)(4), discretion has no place. If the judgment is valid, it must stand; if it is void, it must be set aside. A judgment is void only if the court rendering it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process."
Insurance Mgmt. Admin., Inc. v. Palomar Ins.Corp., 590 So.2d 209, 212 (Ala. 1991).
We thus consider whether the Alabama court erred in determining that the Georgia court's judgment was void for lack of jurisdiction. As an initial matter, we note that a jurisdictional inquiry is not foreclosed in this case by the doctrine of res judicata. The record reveals that the judgment of the Georgia court entered in July 2004 states that Crum was served with a summons and a copy of Lanier's petition to confirm the arbitrator's award in December 2003; however, at the time the Georgia court entered its judgment, "more than 45 days [had] elapsed from the service of [Lanier's] petition," and the Georgia court noted that Crum "ha[d] not properly filed defensive pleadings" in the Georgia court.[1] As we noted inPackage Express Center, Inc. v. Maund, 957 So.2d 1137
(Ala.Civ.App. 2006), a defendant in a civil action "`is always free to ignore . . . judicial proceedings, risk a default judgment, and then challenge that judgment on jurisdictional grounds in a collateral proceeding,' such as [a] registration proceeding initiated by [a judgment creditor] in [a registering] court." 957 So.2d at 1141 (quoting Insurance Corp. ofIreland, Ltd v. Compagnie des Bauxites de Guinee,456 U.S. 694, 706, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982)). As we concluded in Ex parte Lanier Worldwide, Inc.,922 So.2d 115 (Ala.Civ.App. 2005), a default judgment entered by a Georgia court that is based upon a failure to file a proper response to a petition to confirm the arbitrator's award does not amount to a binding waiver of a *Page 454 
personal-jurisdiction defense. See id. at 119 (plurality opinion); see also id. at 120 (special writing concurring in the result and indicating that the issue of jurisdiction had not been addressed after full and fair litigation).
The special writing in Ex parte Lanier Worldwide,supra, indicates that where, as here, res judicata principles do not bind an Alabama court to any particular conclusion regarding the existence of a foreign court's jurisdiction, "the courts of this state may and should inquire into the jurisdiction of a foreign court whose judgment is sought to be enforced in this state and that, in so doing, the courts of this state are to make their own determination on the merits as to whether that foreign judgment is void."922 So.2d at 120-21. We are, however, bound by a duty to afford full faith and credit to judicial proceedings of our sister states, a duty that partakes of both constitutional and statutory dimensions.See U.S. Const. art. IV, § 1, and28 U.S.C. § 1738; see also Maund, 957 So.2d at 1140. We must, therefore, analyze the validity of the judgment that Lanier sought to register under the law of the state whose courts rendered it, i.e., Georgia law. E.g., Morse v.Morse, 394 So.2d 950, 951 (Ala. 1981).
We are aided in our inquiry by a decision of the Georgia Court of Appeals rendered on similar facts. In Galindo v. LanierWorldwide, Inc., 241 Ga.App. 78, 526 S.E.2d 141 (1999), Lanier filed a petition in a Georgia court to confirm an arbitration award it had obtained in proceedings against one of its alleged equipment lessees, which was located in California; that petition was granted over the alleged lessee's personal-jurisdiction objections, and the alleged lessee appealed from that judgment. After noting that Georgia long-arm jurisdiction extended to the constitutional limits of due process (241 Ga.App. at 81, 526 S.E.2d at 144), the Georgia Court of Appeals noted that one of the three actions that the lessee had allegedly undertaken that could have conferred personal jurisdiction was his purported agreement to arbitrate any disputes in Georgia. As in this case, the pertinent lease-agreement form at issue in Galindo contained the following term:
 "`Any controversy or claim arising out of or relating to this Agreement or the breach hereof . . . shall be settled by binding arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association in effect on the date of this Agreement, and judgment upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof. . . .'"
241 Ga.App. at 79 n. 1, 526 S.E.2d at 142 n. 1. AlthoughGalindo does not quote the portion of the parties' agreement specifying that the arbitration was to occur in Atlanta, Georgia, it twice states that the agreement contained language to the effect that the parties had agreed to arbitrate any disputes in Atlanta, Georgia. See241 Ga.App. at 79, 81, 526 S.E.2d at 142, 144. That parallels the agreement at issue in this case, in which the parties' lease agreement states that "[t]he arbitration hearing and all proceedings in connection therewith shall take place in Atlanta, Georgia."
Although the Georgia Court of Appeals reversed the judgment under review in Galindo, it did so on the basis that the lower court had not applied the proper standard of review to the question whether the alleged lessee had, in fact, entered into the equipment-lease agreement that contained the arbitration clause. As to the fundamental issue of personal jurisdiction, the appellate court opined, in pertinent part: *Page 455 
 "The agreements specify that the parties agreed to arbitrate any disputes in Atlanta. And, under the [Federal Arbitration Act, 9 U.S.C. § 1 et seq.], a confirmation hearing on an arbitration award is held in the district or jurisdiction where the arbitration was held. 9 USC § 9. If [the alleged lessee] entered into the agreements, then he consented to arbitrate in Atlanta, and he further consented to personal jurisdiction in a state or federal court in the same district reviewing the arbitrator's decision. See 9 USC § 9; see also Weststar Assoc. v. Tin Metals Co., 752 F.2d 5, 7 (1st Cir. 1985) (Section 9 enables court for the district within which the award was made to exercise personal jurisdiction over the parties to the award)."
241 Ga.App. at 81-82, 526 S.E.2d at 144 (footnote omitted). Thus, Galindo indicates that had the alleged lessee's agreement to the lease not validly been placed in controversy, the courts of Georgia would unquestionably have had personal jurisdiction over the out-of-state lessee to enter a judgment confirming an arbitration award made by an Atlanta-based arbitrator in conformity with the parties' agreement.
In this case, there is no factual dispute that Crum entered into the lease agreements at issue, and the fact of personal service upon Crum of Lanier's petition to confirm the arbitration award was amply demonstrated by the process server's testimony at the Alabama court's hearing.[2] Those factors distinguish this case from Ex parte Lanier Worldwide,supra, in which execution of the pertinent contract documents and proper service of the pleadings filed in the Georgia court were both disputed (see922 So.2d at 118). Because the Georgia court's judgment was entered after proper notice of the pendency of the confirmation proceedings in the Georgia court and because the judgment is in conformity with Georgia law, we conclude that Lanier properly filed the judgment for enforcement in the Alabama court.
Based upon the foregoing facts and authorities, the Alabama court's order granting relief from the Georgia judgment filed by Lanier was erroneous. That order is reversed, and the cause is remanded for the entry of an order denying Crum's motion.
REVERSED AND REMANDED.
THOMPSON, P.J., and BRYAN, THOMAS, and MOORE, JJ., concur.
[1] The record does contain a "response" to Lanier's petition in the Georgia court that was apparently prepared by an Alabama attorney on behalf of Crum, as well as a request that the Georgia court grant Crum's attorney leave to appear pro hacvice; however, the record does not demonstrate that the court granted Crum's attorney's request to appear or that the "response" was ever deemed filed by the Georgia court. Cf.LeaseFirst v. Paulk, 200 Ga.App. 497, 408 S.E.2d 707 (1991) (garnishment proceeding brought by attorney not authorized to practice law in Georgia held to be subject to dismissal).
[2] To the extent that Crum, who has not favored this court with an appellate brief, sought relief in the trial court on the alleged basis that he did not receive notice of the arbitration proceeding that gave rise to the award forming the basis of the Georgia court's judgment, we note that such matters are, under the Federal Arbitration Act, 9 U.S.C. § 1 et seq., questions to be decided in arbitration, not by judicial review.Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 85,123 S.Ct. 588, 154 L.Ed.2d 491 (2002) ("issues of procedural arbitrability, i.e., whether prerequisites such as time limits, notice, laches, estoppel, and otherconditions precedent to an obligation to arbitrate have been met, are for the arbitrators to decide" (emphasis added)).