## A89A0611. TILLETT et al. v. PATEL et al.

(383 SE2d 622)

BENHAM, Judge.

Appellant Tillett's son drowned in the swimming pool of a motel owned by appellees. Acting individually and as next friend of the other appellant, her granddaughter, the decedent's child, Ms. Tillett brought suit against appellees. Both appellants are residents of Virginia, but Ms. Tillett hired Georgia counsel to prosecute the suit since appellees are Georgia residents and the death occurred in Georgia. After a settlement was reached, the Georgia attorneys hired by Ms. Tillett moved to have the amount of recovery established by the settlement paid into the court so that their attorney fees could be paid. Virginia counsel for Ms. Tillett responded to the motion, seeking to avoid payment of the attorney fees agreed to by Ms. Tillett in the contract by which she initially retained Georgia counsel. Following a hearing on the motion, a hearing not attended by Ms. Tillett's Virginia counsel although notice was given, the trial court approved the settlement, entered judgment for the minor plaintiff, directed payment of the judgment into the registry of the court, and awarded appellants' Georgia counsel attorney fees in the amount of one-half the judgment plus one-half of counsel's expenses. This appeal is from that order.

1. In their first enumeration of error, appellants contend that the attorney fee contract was void because Ms. Tillett had not been appointed guardian of her granddaughter and, therefore, had no authority to bind the minor plaintiff. We disagree.

"The authority of one who acts as next friend for a minor in a judicial proceeding is derived from the permission of the court to act in that capacity. No particular person is required to act, nor is it necessary that the person so acting be appointed by formal order. The court, in allowing the case to proceed, is presumed to have approved the appearance of the person acting as next friend." *Mize v. Harber*, 189 Ga. 737 (7) (8 SE2d 1) (1940).

"A next friend cannot unreasonably surrender a minor's substantial rights. [Cit.] But '[t]he next friend must not be denied such necessary incidental powers as will facilitate the fair adjudication of the infant's rights. This is necessary to their proper vindication, both in prosecution and defense. . . .' [Cit.]" *Phillips v. Meadow Garden Hosp.*, 139 Ga. App. 541 (2) (228 SE2d 714) (1976). Although the *Phillips* court was dealing with a compromise to accept a verdict by ten of twelve jurors, the principle applies equally to the situation in this case. Without authority to engage attorneys, one acting as next friend would be unable to proceed with a prosecution of the minor's rights.

The cases appellants cite for limitations on the rights of next

friends are distinguishable. In *Thomas v. Holt*, 209 Ga. 133 (70 SE2d 595) (1952), the court was dealing with court-ordered child support, and held that the custodial parent could not enter into a contingency fee contract for the recovery of arrearages. The holding in that case was dependent on the special nature of child support, which is not involved in the present case.

In both *Betts v. Hancock*, 27 Ga. App. 63 (107 SE 377) (1921), and *Lynn v. Wagstaff Motor Co.*, 126 Ga. App. 516 (191 SE2d 324) (1972), the holding was that the acts of the next friend must be approved by the court in order to be binding on the minor. In the present case, the requirements of those cases were met since the trial court here did approve the settlement and the attorney fee arrangement.

We find no merit in appellant's first enumeration of error.

2. Without citation of authority, appellants assert that the trial court should have considered the law of Virginia because the minor appellant is a resident of that state. However, the contract at issue here, whereby appellants' Georgia counsel agreed to prosecute a wrongful death action in the courts of Georgia in exchange for a contingency fee, was accepted in Georgia and was to be performed in Georgia. We are aware of no rule of law which would require the application of Virginia law to the issues involved here, and find no merit in appellants' second enumeration of error.

3. Appellants' final two enumerations concern the sufficiency of the evidence in the record to support the judgment. Specifically, appellants contend that their Georgia counsel did not put on evidence that the contingency fee was reasonable or evidence supporting their claim for expenses. However, at the hearing which appellants' Virginia counsel declined to attend, Georgia counsel stated in their place matters going to the reasonableness of the fee and the amount expended by them on appellants' behalf. While appellants' new counsel might have demanded stricter proof had they been present, it cannot be said that there was no evidence supporting the trial court's approval of the settlement and entry of judgment, including the order disbursing attorney fees to appellants' Georgia counsel. It can be said, however, that no evidence was offered that the attorney fee claim was unreasonable or that the expenses were not incurred. Under those circumstances, we find no error in the trial court's order.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED JUNE 21, 1989.

*Douglas W. Alexander*, for appellants.
*David T. Whitworth, A. Ed Lane, Smith & Carrington, Will Ed*

*Smith, Billy W. Walker, W. McMillan Walker*, for appellees.