## A99A2363. GLASS v. GLOVER et al.
(528 SE2d 262)

ELLINGTON, Judge.

In this land line dispute, the trial court imposed sanctions against Gloria Glass pursuant to OCGA § 9-15-14 (a) and (b) after she voluntarily dismissed her action against Nathan Glover, Sr., Ona Glover, Nathan Glover, Jr., and Linda Glover Brock. We granted Glass's application for discretionary appeal under OCGA § 5-6-35 (a) (10) and, for the reasons which follow, reverse.

Glass contends that the award of attorney fees and expenses must be vacated because the Glovers did not assert their demand for fees and expenses under OCGA § 9-15-14 by motion, as is required, and because she had no notice of the hearing on the issue. We agree. The record shows that the Glovers never filed a separate motion seeking OCGA § 9-15-14 sanctions. The Glovers asserted their OCGA § 9-15-14 demand in their answer to Glass's complaint. Specifically, the Glovers averred that Glass's action had been brought "frivolously and without any viable, factual or legal basis and, therefore, pursuant to OCGA § 9-15-14, [they] respectfully request[ed] an award of attorney's fees and costs." They further averred that Glass and her husband had repeatedly filed frivolous lawsuits against adjoining landowners relating to boundary lines and should be subjected to OCGA § 9-15-14 penalties for their frivolous and repetitive litigation. In the joint pre-trial order, the Glovers reiterated that they were seeking damages for frivolous litigation pursuant to OCGA § 9-15-14.

The case was scheduled for a jury trial on April 12, 1999. Glass voluntarily dismissed her action on April 9, 1999. On April 12, 1999, finding that the Glovers' "counterclaim" remained to be heard, the trial court conducted a hearing on the Glovers' request for OCGA § 9-15-14 sanctions. The Glovers presented testimony and documentary evidence regarding Glass's conduct and previous litigation but presented no evidence regarding the amount of attorney fees. On April 26, 1999, the trial court found that Glass's action completely lacked any justiciable issue of law or fact and was brought without substantial justification. The trial court awarded the Glovers $9,720 in attorney fees and costs. Id.

OCGA § 9-15-14 (e) provides that attorney fees and expenses "may be requested by motion at any time during the course of the action but not later than 45 days after the final disposition of the action." See *Forest Lakes Home Owners Assn. v. Green Indus.*, 218 Ga.

App. 890, 893-894 (2) (463 SE2d 723) (1995). The form required for motions is set out in OCGA § 9-11-7 (b) and Uniform Superior Court Rules 6.1 and 6.2; the Glovers' defenses and prayer for relief in their answer do not meet the requirements of a motion. *Howell v. Styles*, 221 Ga. App. 781, 782 (1) (472 SE2d 548) (1996).

Because a request for attorney fees under OCGA § 9-15-14 must be brought in the form of a motion, a trial court may not entertain an OCGA § 9-15-14 request asserted only in the form of a counterclaim. *Nuckols v. Nuckols*, 226 Ga. App. 194 (486 SE2d 194) (1997). The Glovers cited no authority for their contention that the issue is only whether Glass and her counsel were placed on notice that the claim existed.

Under certain circumstances, motions may be made orally, OCGA § 9-11-7 (b), and the trial court may move on its own to impose sanctions under OCGA § 9-15-14 (b). *Cagle v. Davis*, 236 Ga. App. 657, 659 (2) (513 SE2d 16) (1999). We find no indication in the hearing transcript or the attorney fees order that a post-dismissal or sua sponte motion was before the trial court. Furthermore, even if the actions of the Glovers' counsel or the trial court at the April 12, 1999 hearing could be construed as a motion under OCGA § 9-15-14, the party against whom frivolous litigation sanctions are sought has a right to be heard before such sanctions are imposed. When a hearing is held on any motion, OCGA § 9-11-6 (d) requires notice of the hearing to be served on counsel, "if for no other reason than to avoid the appearance of ex parte contact." *Edens v. O'Connor*, 238 Ga. App. 252 (1) (519 SE2d 691) (1999). Furthermore, "[a] party opposing a claim for attorney fees has a basic right to confront and challenge testimony as to the value and need for legal services." *Mitcham v. Blalock*, 214 Ga. App. 29, 32-33 (2) (447 SE2d 83) (1994). Because the record does not show that Glass was afforded such an opportunity, the judgment must be reversed and remanded for further proceedings on the attorney fees issue. *C. A. Gaslowitz & Assocs. v. ZML Promenade*, 230 Ga. App. 405 (496 SE2d 470) (1998).

*Judgment reversed and case remanded. Andrews, P. J., and Ruffin, J., concur.*

DECIDED JANUARY 18, 2000.

*I. Kenneth Dious*, for appellant.
*Walter E. Van Heiningen*, for appellees.