A03A1208, A03A1209. COPELAN et al. v. COPELAN et al.; and vice versa.
(583 SE2d 562)

JOHNSON, Presiding Judge.

Prior to their mother's death, Thomas and John Copelan (the "plaintiffs") filed a complaint against their siblings, Uyvonna and Willie David Copelan, as well as against Evelyn Brack, to whom the mother had given a power of attorney (the "defendants"). The suit alleged that the defendants caused the mother to execute deeds to substantial property to Uyvonna and Willie David Copelan. Part of the relief sought was the nullification of the deeds and the restoration of the properties in the mother's name. The plaintiffs also alleged that they expected to share equally with respect to any inheritance from the mother's estate and that the defendants had tortiously interfered with that expectancy. Subsequently, a guardian of the mother's property sought to intervene as a party plaintiff.

The defendants filed a motion for summary judgment. The trial court granted the motion with respect to the plaintiffs' claims, including their claim for tortious interference with an expectation of inheritance. The plaintiffs appeal this ruling in Case No. A03A1208. The

trial court denied the motion for summary judgment as to the claims asserted by the guardian of the mother's property. The defendants appeal this ruling in Case No. A03A1209. For reasons that follow, we affirm the ruling as to the plaintiffs' claims, but reverse the ruling as to any claims allegedly brought by the guardian.

### Case No. A03A1208

In this appeal, the plaintiffs challenge the trial court's ruling that they have no standing to bring this action and have no claim for tortious interference with expectancy or expected inheritance. We find no error. Regardless of the facts of this case, the plaintiffs claim a basis for recovery that simply does not exist under Georgia law. The plaintiffs can point to no Georgia law, and we can locate no Georgia law, recognizing a claim for tortious interference with an expectancy of inheritance upon someone's death.

Georgia law is clear: "No one can be an heir of a living person, and before the death of the ancestor an expectant heir has no interest or estate in property which he may subsequently inherit."[1] It is undisputed that the plaintiffs' mother is living, so the plaintiffs are not her heirs and have no interest in property which they expected, at some point in the future, to inherit.[2] The trial court correctly ruled that the plaintiffs' status as expected heirs does not constitute such an interest in the conveyed property as will entitle them to maintain an action on their own behalf to cancel the deeds executed by their mother.[3] Summary judgment as to their claims was appropriate.

### Case No. A03A1209

In this appeal, the defendants contend the trial court erred in refusing to grant their motion for summary judgment as to the claims asserted by the mother's guardian. However, the record before us is silent as to any such claims. In fact, other than a motion to intervene filed on January 30, 2001, by Francis Ford, the record before us does not contain any other reference to a guardian. Most importantly, it does not contain an order either granting or denying the guardian's motion to intervene, does not contain any claims brought by the guardian, and does not contain a brief on appeal from the guardian.

From what we can piece together from the silent record, it

---

[1] (Citation and punctuation omitted.) *Frady v. Irvin*, 245 Ga. 307, 309 (3) (264 SE2d 866) (1980).

[2] See *Troup v. Troup*, 248 Ga. 662, 663 (1) (285 SE2d 19) (1981).

[3] See *Frady*, supra; *Harper v. Harper*, 241 Ga. 19, 20 (1) (243 SE2d 74) (1978).

appears Ford filed the motion to intervene as the mother's guardian in this case after a jury trial found the mother incapacitated in a separate proceeding. Subsequently, however, this Court reversed that jury decision,[4] at which point no further action was taken in the present case on the guardian's motion to intervene. As such, the trial court's order denying the defendants' motion for summary judgment "as to the claims asserted by the guardian of Evelyn Copelan" is hereby reversed.

Since it appears there is no guardian in the present case, the plaintiffs filed a brief as cross-appellees. In that brief, the plaintiffs allege that their mother lacked the mental capacity to execute the deeds and was unduly influenced by the defendants. The defendants contend their motion for summary judgment as to this claim should have been granted under the doctrine of estoppel by judgment. Because we find that the plaintiffs are collaterally estopped from alleging their mother was incapacitated or unduly influenced, we affirm the trial court's order granting the defendants' motion for summary judgment as to all claims asserted by the plaintiffs.

Collateral estoppel precludes the readjudication of an issue that has previously been litigated and adjudicated on the merits in another action between the same parties or their privies.[5] The plaintiffs argue that the defendants cannot assert the doctrine of collateral estoppel because they were not in privity with the mother in the prior guardianship proceeding. However, the record shows that the mother appointed Uyvonna and Willie David Copelan as her attorneys-in-fact in a general and durable power of attorney and appointed them as her guardians in a durable power of attorney for health care. The mother also gave Brack a power of attorney. Thus, the defendants stood in the mother's shoes in the guardianship action. Even were that not true, "the modern trend in applying the doctrine of collateral estoppel is to restrict the privity requirement to the party against whom the plea is asserted."[6] In this case, it is being asserted against the plaintiffs, who are bound by the judgment in the prior action.

The plaintiffs argue that the jury in the guardianship case "was not presented with any issue to decide on the subject of undue influence" and that "whatever observations this court made regarding undue influence, such were not necessary to the judgment that was

---

[4] *In re Copelan*, 250 Ga. App. 856 (553 SE2d 278) (2001).

[5] See *Waldroup v. Greene County Hosp. Auth.*, 265 Ga. 864, 866-867 (2) (463 SE2d 5) (1995).

[6] (Citation omitted.) *American States Ins. Co. v. Walker*, 223 Ga. App. 194, 195 (1) (b) (477 SE2d 360) (1996).

rendered." However, the record shows that in the guardianship proceeding, the plaintiffs specifically argued that their mother's actions, if not due to mental incapacitation, were promulgated by the undue influence of Uyvonna and Willie David Copelan.[7] In reversing the jury's verdict, this Court specifically held that "Mrs. Copelan's mind was alert, lucid, and clear. Mrs. Copelan was clearly not subject to such undue influence as to undermine her own free will."[8] Clearly, undue influence was a central theme in the guardianship proceeding. The trial court correctly granted the defendants' motion for summary judgment with regard to all claims brought by the plaintiffs.

*Judgment affirmed in Case No. A03A1208. Judgment reversed in Case No. A03A1209. Eldridge and Mikell, JJ., concur.*

DECIDED JUNE 17, 2003 — ▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*McLeod, Benton, Begnaud & Marshall, Andrew H. Marshall*, for appellants.

*Lambert & Reitman, E. R. Lambert, M. Joseph Reitman, Jr., Charles A. Mathis, Jr.*, for appellees.

