### A04A1985. ROWEN v. ESTATE OF HUGHLEY et al.
(611 SE2d 735)

ADAMS, Judge.

Sharon L. Rowen appeals the order of the probate court determining that $15,000 was a reasonable fee for her legal representation of the three minor children of the late Jerry Bernard Hughley, Jr., in an uncontested petition to determine the heirs of Hughley's estate. We affirm.

Hughley died intestate, and Rowen was hired by Valencia Moore, the children's mother and natural guardian, to represent her and her children in their claim to Hughley's estate. Moore and Rowen initially entered into a contingency fee contract entitling Rowen to 40 percent of any recovery obtained during the course of the representation. The agreement specifically provided that this percentage would apply to any annuity or lump sum payments received by the children and any monies bequeathed to them from the estate of Hughley's mother, Brenda Worthy.

Rowen subsequently filed a "Petition to Determine Heirs" on behalf of the three children, with a separate count seeking approval of the parties' contingency agreement. The probate court appointed a guardian ad litem for the children in connection with the petition. Gary M. Sams had previously been appointed as the administrator of Hughley's estate and also served as the guardian of the property for Brenda Worthy, who is incapacitated. Sams filed an answer to the petition in both of these capacities. While the answer conceded that Rowen had provided good and valuable service to Moore and her children, it asked that the probate court examine the contingency fee contract. The answer further stated that the children's estate: (1) was due to receive $150,000 as the final payment under an annuity stemming from an accident involving Worthy and (2) will be entitled to substantial sums from Worthy's estate at the time of her death.

The trial court held a hearing on the petition, during which Sams's attorney reported that Worthy's estate was then valued at approximately $1.7 million and raised an objection to Rowen's 40 percent contingency fee arrangement. The trial court reserved ruling to allow the parties to brief the issue. After the hearing, Rowen and Moore negotiated an amended contingency agreement under which

they agreed that Rowen's fee would be fifteen percent of the guaranteed annuity and ten percent of the share of Brenda Worthy's estate inherited by the children.

The probate court subsequently issued an order holding that although the children's mother had the authority to enter into a contingency fee agreement on their behalf, the contract must be submitted to the court for an inquiry into its reasonableness. Applying the factors set forth under Rule 1.5 of the Georgia Rules of Professional Conduct, the probate court determined that even the fee as modified had the potential to be $79,000, which the court found to be unreasonable in light of the services performed by Rowen in connection with the petition. The court set an additional hearing to accept evidence on an amount "that might be approved" in light of the Rule 1.5 factors.

At the second hearing, Rowen presented the expert testimony of attorney Frank Beltran, who opined that the original 40 percent contingency agreement was reasonable based upon the standard of practice in the metropolitan area for such cases. He then stated that the amended contingent fee contract was "more than reasonable" in light of the Rule 1.5 factors.

The probate court issued a second order stating that even though Rowen's expert had established that a contingency fee arrangement is legal and proper for probate cases such as the instant case, the fee must still be found to be reasonable. The judge noted that Rowen had failed to present any evidence as to the actual value of the services she had provided, so he was left to rely upon his own experience to determine the appropriate fee. The judge then found, based upon his experience, that ten percent of the annuity, or $15,000, was a reasonable fee for the services of securing the uncontested order in this case.

Rowen argues that the trial court erred in applying a hindsight, quantum meruit analysis to determine the reasonableness of the contingency fee agreement. She asserts that the probate court should have evaluated the agreement as of the time it was signed, taking into account the risks in undertaking the representation at that point in time.

1. The parties disagree as to the appropriate standard for this Court to apply in reviewing this matter. Georgia appellate courts generally apply an abuse of discretion standard in cases involving a claim of error in the decision to award or deny attorney fees, and both Sams and the children's guardian ad litem argue this is the appropriate standard to apply here. See generally *Joyner v. Raymond James Financial Svcs.*, 268 Ga. App. 835, 840 (4) (602 SE2d 871) (2004); *Head v. Head*, 234 Ga. App. 469, 477 (4) (507 SE2d 214) (1998); *Nesmith v. Pierce*, 226 Ga. App. 851 (487 SE2d 687) (1997). But Rowen

contends that we should apply the "plain legal error" standard because the probate court's judgment rests upon an erroneous legal theory, citing *Suarez v. Halbert*, 246 Ga. App. 822, 824 (1) (543 SE2d 733) (2000). We do not find any merit to Rowen's argument, however, because as discussed in Division 2 below, we hold that the trial court did not apply an erroneous legal theory in this case.

In addition, we note that this Court has applied a clearly erroneous or any evidence test to appeals from cases where, as here, the trial court first heard evidence and then determined an appropriate amount for attorney fees. *Fowler v. Cox*, 264 Ga. App. 880, 882 (592 SE2d 510) (2003) (probate court reviewing deceased's estate); *Tillett v. Patel*, 192 Ga. App. 60, 61 (3) (383 SE2d 622) (1989) (superior court reviewing award of settlement of minor's claim). But we found no cases addressing a probate court's setting a reasonable amount for attorney fees in the context of a minor's estate, a situation which is somewhat unique under Georgia law.

The Georgia Constitution provides that probate courts "shall have such jurisdiction as now or hereafter provided by law, without regard to uniformity." Ga. Const., Art. VI, Sec. III, Par. I (1983). And Georgia statutes confer specific powers upon a probate court in matters involving the settlement or compromise of claims by a guardian. OCGA § 29-2-16. For example, the guardian is required to obtain probate court approval over any compromised claims of $10,000 or greater where no legal action is involved. OCGA § 29-2-16 (e). In settlements involving a like amount, but where legal action has been filed, the guardian must file a bond with the probate court before compromising the claim. OCGA § 29-2-16 (g). And importantly, while the guardian may make disbursements in connection with the care of his ward in an amount up to the annual profit received on a ward's estate without court approval, any payment by a guardian for the maintenance or education of the ward out of the corpus of the estate is subject to the probate court's discretion. OCGA § 29-2-2. The contingency fee in this case was to be calculated as a percentage of the sums received from the annuity and the grandmother's estate. Thus, such fees could be considered analogous to payments from the corpus of the children's estate within the court's discretion.

Moreover, as discussed more fully below, because Rowen failed to present any evidence of the value of her services, the trial judge was left to determine such value based upon his own experience. Under such circumstances, at least one court has held that the amount of the fees is within the court's discretion, "it being acknowledged that the court is itself an expert on the question of attorneys' fees and as such may form its own independent judgment. [Cit.]" *Walker v. Ralston Purina Co.*, 409 FSupp. 101, 102 (M.D. Ga. 1976).

Accordingly, we find that the determination of reasonable attorney fees in this case was left to the probate court's discretion, and we will not disturb the court's determination absent a showing of abuse of that discretion.

2. In applying that standard, we find that the trial court did not abuse its discretion in reviewing the reasonableness of the contingency fee. Although Moore had the authority under OCGA § 29-2-22 (a) to hire legal counsel for her children without court approval, that statute allows either the guardian or the attorney to petition the probate court to obtain a judgment fixing the amount of attorney fees and expenses if a dispute arises. See OCGA § 29-2-22 (b); *Dowdy v. Jordan*, 128 Ga. App. 200, 211 (3) (196 SE2d 160) (1973). While there was no evidence of a dispute here, Rowen specifically submitted the contingency fee agreement to the probate court for its approval. It follows that in deciding whether to approve the fee contract, the probate court necessarily had to scrutinize the reasonableness of that agreement. See *Hoffert v. Gen. Motors Corp.*, 656 F2d 161, 165 (5th Cir. 1981) (where attorney evokes court's equitable powers to approve a settlement agreement to distribute proceeds, court must scrutinize the reasonableness of the contingent fee contract, which affects the net recovery to plaintiff). See also *Gnann v. Woodall*, 270 Ga. 516, 517 (511 SE2d 188) (1999) (where court has statutory jurisdiction to approve settlement, it also has jurisdiction over the attorney fees drawn from the settlement funds). As this Court has stated, the overriding principle in cases involving a minor's property "is, of course, protection of the minor through judicial oversight." *Grange Mut. Cas. Co. v. Kay*, 264 Ga. App. 139, 142 (1) (589 SE2d 711) (2004).

Thus, while we acknowledge the importance of contingency fee arrangements to provide representation in cases such as this one, the special circumstances of the probate court's responsibility to the children, especially when coupled with Rowen's direct submission of the agreement for approval, justified the court's scrutiny of the fee arrangement in this case.

And we find no abuse of discretion in the probate court's reliance upon the factors under Rule 1.5 as a standard to evaluate the reasonableness of the contingency fee in this case. See *Hoffert v. Gen. Motors Corp.*, 656 F2d at 166 (holding that it would be an abuse of discretion for trial court to award fees without carefully considering similar factors found in the ABA Code of Professional Responsibility). Based upon its analysis of these factors, the probate court found that the contingency agreement, even as modified, was unreasonable in light of the services performed by Rowen, and gave the parties an opportunity to present evidence of what a reasonable fee would be

under Rule 1.5. Although the rule sets forth eight separate factors,[1] Rowen did not present evidence addressing all the factors. Rather, she only presented evidence regarding her contingency arrangement. She did not, for example, proffer evidence of the time and labor required for the case, the novelty of the questions involved, or the skill required.

In the one Georgia case we found approving a contingency fee contract entered into by a guardian on behalf of a minor, the attorney made only a slight showing beyond evidence of the reasonableness of the contingency fee contract to support his fee recovery. In *Tillett v. Patel*, 192 Ga. App. at 61 (3), this Court upheld the superior court's order awarding attorney fees to a minor's Georgia counsel in the amount of one-half of the wrongful death settlement and one-half of the attorney's expenses. In that case, the trial court held a hearing on the issue of attorney fees, which the child's out-of-state attorney declined to attend. The Georgia attorney presented evidence showing both that the contingency agreement was reasonable and the amount expended by counsel on the child's case. The court noted that "[w]hile [the minors'] new counsel might have demanded stricter proof had they been present, it cannot be said that there was no evidence supporting the trial court's approval of the . . . order disbursing attorney's fees to appellants' Georgia counsel." Id. We note that the *Tillett* case was heard before a superior court, which is not charged with the same special duties over a minor's estate as is a probate court, and thus does not directly address the situation here.

We find that the probate court could properly require additional proof beyond evidence of the reasonableness of the contingency agreement in assessing the fee. For example, this Court has previously held that merely showing the reasonableness of a contingency fee agreement would not be sufficient to support attorney fees awarded pursuant to statutory authority. Instead, we have required proof that

---

[1] Rule 1.5 (a) provides:

A lawyer's fee shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

the contingency fee "was a valid indicator of the value of the professional services rendered." (Citation and punctuation omitted.) *Home Depot U.S.A. v. Tvrdeich*, 268 Ga. App. 579, 584 (2) (602 SE2d 297) (2004). Accordingly, it is not enough merely to assert that a contingency fee is "reasonable" without additional evidence of the value of the services provided by the attorney:

> A court may consider a contingent fee agreement and the amount it would have generated as evidence of usual and customary fees in determining both the reasonableness and the amount of an award of attorney fees. But, evidence of the existence of a contingent fee contract, without more, is not sufficient to support the award of attorney fees. An attorney cannot recover for professional services without proof of the value of those services. A naked assertion that the fees are "reasonable," without any evidence of hours, rates, or other indication of the value of the professional services actually rendered is inadequate.

(Citations and punctuation omitted.) *Brandenburg v. All-Fleet Refinishing*, 252 Ga. App. 40, 43 (5) (555 SE2d 508) (2001). See also *Patton v. Turnage*, 260 Ga. App. 744, 748 (2) (580 SE2d 604) (2003).

Therefore, pretermitting the issue of whether the contingency arrangement should be viewed in hindsight or from the date of its inception, the probate court could properly require Rowen to prove the value of the services she provided to her clients. The probate court correctly found that Rowen failed to establish the value of her services and thus that she failed to prove that the contingency agreement provided for a reasonable fee. In the absence of such proof, we find that the probate court was authorized, based upon the court's own experience, to determine that $15,000 was a reasonable fee.

3. Rowen also asserts that the probate court erred in failing to consider the amount the children's estate will receive upon the death of their grandmother in determining her fee. The probate court's calculations were based only upon a percentage of the annuity and did not include any portion of the grandmother's estate. But as we held in Division 1 above, it was incumbent upon Rowen to establish the value of her services. The probate court gave her the opportunity to present any evidence that could have shown that the value of her services amounted to a figure that should have included a percentage of the children's expectancy. She failed to present any such proof, leaving it to the probate court's discretion to determine the value of her services.

We find that the probate court was not required to add to that value simply because the parties had previously contracted for a

recovery based upon the grandmother's estate. The children had no property right in their grandmother's estate at the time of this litigation. "Georgia law is clear: No one can be an heir of a living person, and before the death of the ancestor an expectant heir has no interest or estate in property which he may subsequently inherit." (Punctuation and footnote omitted.) *Copelan v. Copelan*, 261 Ga. App. 726, 727 (583 SE2d 562) (2003). Thus, the contingency that would have entitled the attorney to recover that portion of the fee had not yet occurred. In contrast, the children had an existing contractual interest in the income from the annuity, even though the payment under that annuity had not yet been made.

In the somewhat analogous situation where a client terminates an attorney's representation under a contingency agreement before the contingency occurs that would have entitled the attorney to payment, courts apply a quantum meruit analysis to determine the attorney's fee. See *Greer, Klosik & Daugherty v. Yetman*, 269 Ga. 271, 274 (2) (496 SE2d 693) (1998); *Overman v. All Cities Transfer Co.*, 176 Ga. App. 436, 438 (336 SE2d 341) (1985). Similarly, although the fee agreement in this case remained intact, we have found that the probate court properly set a reasonable value for Rowen's services. Accordingly, we find no abuse of discretion simply because the court determined that the value of Rowen's services did not encompass a percentage of the children's expectancy.

*Judgment affirmed. Ruffin, C. J., and Bernes, J., concur.*

DECIDED MARCH 8, 2005.

Sharon L. Rowen, *pro se.*
*Weekes & Candler, Margaret C. Courtright*, for appellees.