## A08A2242. NESBIT et al. v. NESBIT.
(673 SE2d 272)

MILLER, Chief Judge.

Darrell Nesbit, David Nesbit, Dane Nesbit, Dawn Nesbit-Howard, and Dan Nesbit (the "Nesbit Defendants") appeal from an order of the trial court denying their request for attorney fees under OCGA § 9-15-14 (a). Finding that the trial court erred in holding that the Nesbits had failed to properly move for such fees, we reverse.

"Georgia appellate courts generally apply an abuse of discretion standard in cases involving a claim of error in the decision to award or deny attorney fees. . . ." *Rowen v. Estate of Hughley*, 272 Ga. App. 55, 56 (1) (611 SE2d 735) (2005). Whether a party's request for such fees constitutes a motion, however, represents a question of law, which we review de novo. Id. at 57 (1).

The record shows that Dale Nesbit initiated the current action against the Nesbit Defendants, all of whom are her siblings, seeking a determination that she was entitled to sole ownership of certain real property owned by the parties' mother prior to her death. In their answer, the Nesbit Defendants asserted two counterclaims, including one requesting an award of attorney fees under OCGA § 9-15-14.

The matter was tried before a jury, and a verdict was returned in favor of the Nesbit Defendants on September 27, 2006. Immediately following the jury's verdict, the trial court noted that there were, inter alia, "outstanding motions for attorney's fees," and it thereafter received evidence and heard arguments on what both it and trial counsel referred to as a "motion" for attorney fees. At a subsequent hearing on various contempt and supersedeas motions, held in March 2007, the trial court acknowledged that it had heard argument and received evidence on motions for attorney fees, and indicated that a ruling would be forthcoming.

This Court affirmed the trial court's order adopting the jury verdict in the underlying case on January 4, 2008. *In re the Estate of Harriet Grey Nesbit*, Case No. A07A1730 (January 4, 2008). On January 11, 2008, the trial court entered an order denying the Nesbit Defendants' request for attorney fees. In its order, the trial court noted that a hearing had been held on the issue of fees, and based on the evidence presented, the trial court had concluded that the fee request had merit and that an award of $21,062.68 for fees and expenses in favor of the Nesbit Defendants and against Dale Nesbit would be appropriate. The trial court nevertheless refused to award such fees and expenses. Relying on this Court's decision in *Glass v. Glover*, 241 Ga. App. 838 (528 SE2d 262) (2000), the trial court reasoned that such an award was barred because the Nesbit Defen-

dants' "fee request was asserted as a counterclaim," rather than being brought in the form of a motion. Following entry of the trial court's order, the Nesbit Defendants filed an application for a discretionary appeal, which was granted. This appeal followed.

Under OCGA § 9-15-14 (e), a request for attorney fees and expenses may be made "by motion at any time during the course of the action but not later than 45 days after the final disposition of the action." See also *Nuckols v. Nuckols*, 226 Ga. App. 194 (486 SE2d 194) (1997) ("A request by a prevailing party for attorney fees under OCGA § 9-15-14 . . . must be brought by motion. . . ."). The question before us, therefore, is whether the Nesbit Defendants properly moved for attorney fees following the jury verdict. We find that they did.

Under OCGA § 9-11-7 (b) (1), an oral motion is proper if made "during a hearing or trial." Thus, the mere fact that the Nesbit Defendants made their original request for attorney fees in the form of a counterclaim did not bar them from orally moving for the same relief after they had prevailed at trial. See *Zohoury v. Zohouri*, 218 Ga. App. 748, 751 (6) (463 SE2d 141) (1995); Davis & Shulman, Ga. Practice & Procedure, § 9:1 (2008) (As used in Georgia's Civil Practice Act, "the word 'motion' is a very broad term. It includes any application to the court for an order, . . . [and] [g]enerally a motion is judged by its function, not its name tag. . . .").

The fact that counsel for the Nesbit Defendants made a post-verdict motion for fees is demonstrated by the fact that attorneys for all parties, as well as the trial court, referred to the post-verdict request as a "motion" for attorney fees. More importantly, the trial court and the parties treated the request as a motion, presenting evidence and arguments both for and against the award of attorney fees. In light of these circumstances, the trial court's reliance on *Glass*, supra, 241 Ga. App. at 838, to deny the request for attorney fees was misplaced.

Like the Nesbit Defendants, the defendants in *Glass* had asserted a counterclaim for OCGA § 9-15-14 attorney fees in their answer. After the plaintiff dismissed her complaint, the trial court held a hearing on the counterclaim, and thereafter awarded the defendants almost $10,000 in attorney fees and costs. Id. at 838. This Court reversed, holding that "[b]ecause a request for attorney fees under OCGA § 9-15-14 must be brought in the form of a motion, a trial court may not entertain an OCGA § 9-15-14 request asserted *only* in the form of a counterclaim." (Emphasis supplied.) Id. at 839. This Court noted the absence of any evidence showing that a motion had been made beyond the counterclaim, and explained:

> [E]ven if the actions of the Glovers' counsel or the trial court at the . . . hearing [on the counterclaim] could be construed as a motion under OCGA § 9-15-14, the party against whom frivolous litigation sanctions are sought has a right to be heard before such sanctions are imposed. . . . Furthermore, a party opposing a claim for attorney fees has a basic right to confront and challenge testimony as to the value and need for legal services. Because the record does not show that Glass was afforded such an opportunity, the judgment must be reversed and remanded for further proceedings on the attorney fees issue.

(Citations and punctuation omitted; emphasis supplied.) Id.

Thus, the holding in *Glass* acknowledged that a counterclaim could be converted into a motion based upon the oral request of counsel at a hearing or at trial, which is precisely what happened here. Moreover, unlike the plaintiff in *Glass*, Dale Nesbit was provided with an opportunity to argue against a fee award and "to confront and challenge testimony as to the value and need for legal services." Id. Specifically, the trial court stated to Dale Nesbit's trial counsel that "in a § 9-15-14 motion, the reasonableness and necessity of the fees is obviously an evidentiary issue." The trial court then offered trial counsel an opportunity to cross-examine counsel for the Nesbit Defendants on these issues, once their attorney fee bills had been submitted to the court. Dale Nesbit's attorney declined that opportunity.[1]

For the reasons set forth above, we reverse the trial court's order denying the Nesbit Defendants' motion for attorney fees under OCGA § 9-15-14 (a).

*Judgment reversed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED JANUARY 28, 2009.

*Fred R. Slotkin, Jr.*, for appellants.
*Adam S. Jaffe*, for appellee.

---

[1] Dale Nesbit also declined to file a brief in this Court addressing the attorney fees issue.