[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16319
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-00009-TWT


KIMELYN A. MINNIFIELD,

Plaintiff - Appellant,

versus

JOHNSON & FREEDMAN II, LLC,
JOHNSON & FREEDMAN, LLC,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(July 1, 2013)

Before CARNES, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Kimelyn Minnifield, proceeding on her own behalf, appeals the district

court's order granting summary judgment in favor of Johnson & Freedman, LLC,

and Johnson & Freedman II, LLC (collectively Johnson & Freedman).  After careful review, we affirm.

In March 2005, Minnifield gave Argent Mortgage Company, LLC, (Argent) a security deed on property in McDonough, Georgia to secure a loan.  The security deed provided that Argent and its successors and assigns could sell Minnifield's property if she defaulted on her loan.  In the months that followed, the deed apparently changed hands.  Then Minnifield defaulted on the loan.  In 2009, Johnson & Freedman, a law firm, initiated nonjudicial foreclosure proceedings on behalf of Wells Fargo Bank, N.A. (Wells Fargo), the company that claimed it held Minnifield's deed.

Before the proceedings concluded, Minnifield sued Johnson & Freedman under the Fair Debt Collection Practices Act (FDCPA) alleging that the firm unlawfully initiated foreclosure proceedings because Wells Fargo did not hold the security deed and, therefore, lacked the present right to possession of her property.  After discovery, Johnson & Freedman moved for summary judgment, which the district court granted.  This is Minnifield's appeal.

"This Court reviews *de novo* the grant of a summary judgment motion, viewing the facts and drawing reasonable inferences in favor of the nonmoving party."  *Rosario v. Am. Corrective Counseling Servs., Inc.*, 506 F.3d 1039, 1043 (11th Cir. 2007).  Summary judgment is appropriate when "the movant shows that

2

there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant has the burden of showing that there is no genuine issue of fact, but the [nonmovant] is not thereby relieved of [her] own burden of producing in turn evidence that would support a jury verdict." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The nonmovant "must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Id.* at 257. "[C]onclusory allegations without specific supporting facts have no probative value." *Leigh v. Warner Bros., Inc.*, 212 F.3d 1210, 1217 (11th Cir. 2000) (internal quotation marks omitted).

The FDCPA forbids the "[t]aking or threatening to take any nonjudicial action to effect dispossession . . . of property if . . . there is no present right to possession of the property claimed as collateral through an enforceable security interest . . . ." 15 U.S.C. § 1692f(6)(A). Minnifield argues Johnson & Freedman failed to meet its initial burden of presenting evidence that Wells Fargo owned the security deed, but we disagree. In support of its motion for summary judgment, Johnson & Freedman submitted the following evidence: (1) a pooling and servicing agreement (PSA) indicating that Ameriquest Mortgage Company (Ameriquest) sold Minnifield's loan to Wells Fargo on May 1, 2005; (2) a sworn declaration from a loan analyst that Wells Fargo was the owner of the loan as a result of the PSA; and (3) letters sent to Minnifield as early as July 2005 indicating

3

that she was in default and Wells Fargo was her creditor.[1]  Although Minnifield

argues that this is weak evidence, the strength of undisputed facts is immaterial at

the summary-judgment stage.  *See McCormick v. City of Fort Lauderdale*, 333

F.3d 1234, 1240 n.7 (11th Cir. 2003) ("Issues of credibility and the weight

afforded to certain evidence are determinations appropriately made by a finder of

fact and not a court deciding summary judgment.").  Johnson & Freedman carried

its initial burden by presenting evidence that Wells Fargo owned the security deed

that authorized the foreclosure of Minnifield's property.

Minnifield, however, failed to meet her burden to present specific evidence

indicating there is a genuine issue of material fact.  *Anderson*, 477 U.S. at 256-57.

Minnifield points only to her own affidavit in which she avers that there is no

evidence that Wells Fargo owned her loan, but these conclusory allegations do not

satisfy her burden.  *See id.*; *Leigh*, 212 F.3d at 1217.  And although Minnifield also

argues that the PSA does not evidence Wells Fargo's ownership because it does

not show Argent transferred the loan to Ameriquest before Ameriquest sold it to

Wells Fargo, she produced no evidence that this first transfer did not occur.  Thus,

---

[1] In support of a previously filed motion to dismiss, Johnson & Freedman submitted an assignment signed in 2009 purporting to convey Minnifield's loan from Argent to "Wells Fargo Bank, N.A., Trustee Pooling and Servicing Agreement Dated as of May 1, 2005 . . . ." Minnifield contends that Johnson & Freedman's current reliance on the 2005 PSA contradicts its earlier reliance on the 2009 assignment, but Minnifield has not rebutted Johnson & Freedman's assertion that the 2009 assignment merely memorialized the 2005 PSA.

she has not shown that a *genuine* dispute about that transfer exists.  *See Leigh*, 212 F.3d at 1217.

Accordingly, Minnifield has not rebutted Johnson & Freedman's evidence that Wells Fargo was the holder of the security deed and, thus, authorized to foreclose on Minnifield's property.  *See You v. JPMorgan Chase Bank, N.A.*, No. S13Q0040, — S.E.2d — , 2013 WL 2152562, at \*6 (Ga. May 20, 2013) ("[T]he holder of a deed to secure debt is authorized to exercise the power of sale . . . .").  And, therefore, the district court correctly concluded that Johnson & Freedman was entitled to summary judgment on Minnifield's FDCPA claim.

**AFFIRMED.**