294 Ga. 840
FINAL COPY

S13A1390. COPELAN et al. v. COPELAN et al.

BLACKWELL, Justice.

The parties to this will contest are the four children of Evelyn Copelan, who died on November 29, 2009. Two of her children — Uyvonna Copelan and Willie David "Danny" Copelan — are the appellants. The other two — Thomas "Tommy" Copelan and John Copelan — are the appellees. The appellants sought to probate a will in which their mother left almost her entire estate to them, leaving only one dollar each to the appellees. In turn, the appellees opposed the admission of the will to probate, claiming that their mother was without testamentary capacity when she executed the will, and asserting as well that their mother made the will under the undue influence of the appellants. The probate court admitted the will to probate, the appellees sought review in the superior court, and following a jury trial, the superior court entered a judgment for the appellees, denying the petition of the appellants to probate the will. The appellants bring this appeal from the judgment of the superior court.

The appellants argue principally that the appellees should not have been heard to assert incapacity and undue influence because the Court of Appeals

already had decided the issues adversely to the appellees. Indeed, the Court of Appeals has twice decided cases involving these very parties. In the first case, the appellees filed a lawsuit in 1997 to seek a guardianship of their mother, and the trial court agreed that a guardianship was warranted. The Court of Appeals reversed, however, positing that such a guardianship required "clear and convincing" proof, and finding that the decision of the trial court was "not supported by clear and convincing evidence." In re Copelan, 250 Ga. App. 856, 863 (553 SE2d 278) (2001) ("Copelan I"). As it turned out, the Court of Appeals was wrong in Copelan I to hold the appellees to a "clear and convincing" burden of proof — we later overruled Copelan I in Williams Gen. Corp. v. Stone, 279 Ga. 428, 429 (614 SE2d 758) (2005) — but that nevertheless is what the Court of Appeals actually decided in Copelan I. In the second case, the appellees filed another lawsuit in 2002, this time seeking to set aside certain deeds by which their mother had conveyed real property to the appellants. There, the Court of Appeals relied on Copelan I to conclude that the appellees were "collaterally estopped from alleging their mother was incapacitated or unduly influenced" when she executed the deeds. Copelan v. Copelan, 261 Ga. App. 726, 728 (583 SE2d 562) (2003) ("Copelan II").

Here, the appellants contend that collateral estoppel yet again precludes the appellees from litigating the issues of capacity and undue influence. Their contention is without merit. The doctrine of collateral estoppel "precludes the re-adjudication of an issue that has previously been litigated and adjudicated on the merits in another action between the same parties or their privies." Waldroup v. Greene County Hosp. Auth., 265 Ga. 864, 866 (2) (463 SE2d 5) (1995). See also OCGA § 9-12-40. Put another way, collateral estoppel attaches only when *the same issue* has been litigated and decided before. Here, the issues decided by the Court of Appeals in Copelan I and Copelan II are not the same as the issues presented in this case. As noted above, the Court of Appeals put the appellees to a "clear and convincing" burden of proof in Copelan I — erroneously, it turned out — and decided simply that the appellees had failed to carry that burden. In Copelan II, the Court of Appeals held simply that Copelan I presented the same issues as Copelan II. Whether or not that was correct in Copelan II, it is perfectly clear that *this case* does not involve the same issues as Copelan I, inasmuch as — assuming that the appellants could establish a prima facie case — the burden in this case only required the appellees to prove want of testamentary capacity or undue influence by a *preponderance* of the

3

evidence. See Holland v. Holland, 277 Ga. 792 (1) (596 SE2d 123) (2004); Dyer v. Souther, 274 Ga. 61, 61-62 (548 SE2d 1) (2001). That is a less demanding burden than the one applied by the Court of Appeals in Copelan I, and a failure to prove something by a higher standard will not work a collateral estoppel in a subsequent case in which the same thing need only be proven by a lower standard. See Grogan v. Garner, 498 U. S. 279, 284-285 (I) (111 SCt 654, 112 LE2d 755) (1991) . Accordingly, collateral estoppel was no impediment for the appellees in this case, and the judgment of the superior court is affirmed.[1]

Judgment affirmed. All the Justices concur, except Thompson, C. J., not participating.

————————

[1] The appellants also raise two other claims of error, but neither warrants much discussion. First, the appellants claim that the trial court erred when it allowed their mother's cousin to testify about the ultimate issue in this case: the legal conclusion of whether their mother had the mental capacity to make the will. But the record shows that the cousin was asked whether she thought appellants' mother would have written a will that excluded two of her children, and the appellants objected solely on the ground that the question called for speculation. The objection that the appellants urge on appeal was not raised at trial and ruled upon by the trial court, and it is, therefore, waived. See Seay v. Cleveland, 270 Ga. 64, 65 (2) (508 SE2d 159) (1998). Second, the appellants argue that the trial court erred when it denied their motion for judgment notwithstanding the verdict. But the appellants never made a motion for a directed verdict, which is a condition precedent for a subsequent motion for judgment notwithstanding the verdict. OCGA § 9-11-50 (b). As a result, this claim of error also has no merit. See Dee v. Sweet, 218 Ga. App. 18, 21 (2) (b) (460 SE2d 110) (1995).

4

Decided March 3, 2014 – Reconsideration denied March 28, 2014.

Wills. Putnam Superior Court. Before Judge Wingfield.

Winkler & Dubose, Brad J. Evans, Lambert, Reitman & Abney, M. Joseph Reitman, Jr., for appellants.

William H. Smith III, Gardner & Gardner, Milton F. Gardner, Jr., for appellees.