**SECOND DIVISION
ANDREWS, P. J.,
MCFADDEN and RAY, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**March 25, 2015**

# In the Court of Appeals of Georgia

A14A1592. MINNIFIELD v. WELLS FARGO BANK, N. A. et al.

MCFADDEN, Judge.

Kimelyn Minnifield, an attorney proceeding pro se, appeals the trial court's order dismissing her wrongful foreclosure action against Wells Fargo Bank, N. A., and Richard B. Maner, P. C. She contends that the trial court erred by failing to notify her that the court was converting Wells Fargo's motion to dismiss to a motion for summary judgment and by concluding that collateral estoppel barred her claims. Because Minnifield had sufficient notice of the documents outside the pleadings that the trial court considered and because her claims are barred by collateral estoppel, we affirm.

1. *Facts*.

In 2009, three and one-half years before she filed the subject action, Minnifield filed suit in the state court of DeKalb County against Johnson & Freedman, L.L.C. and Johnson & Freedman II, L.L.C. (collectively, "Johnson & Freedman"), the law firm that initiated foreclosure proceedings against her on behalf of its client, Wells Fargo. Her lawsuit, in which she asserted claims under the Fair Debt Collection Practices Act, was subsequently removed to federal court, where it made two appearances before the United States Court of Appeals for the 11th Circuit.

The relevant facts, taken from the latest decision from the 11th Circuit, are as follows:

> In March 2005, Minnifield gave Argent Mortgage Company, LLC, (Argent) a security deed on property in McDonough, Georgia to secure a loan. The security deed provided that Argent and its successors and assigns could sell Minnifield's property if she defaulted on her loan. In the months that followed, the deed apparently changed hands. Then Minnifield defaulted on the loan. In 2009, Johnson & Freedman, a law firm, initiated nonjudicial foreclosure proceedings on behalf of Wells Fargo Bank, N.A. (Wells Fargo), the company that claimed it held Minnifield's deed.
>
> Before the proceedings concluded, Minnifield sued Johnson & Freedman under the Fair Debt Collection Practices Act (FDCPA)

alleging that the firm unlawfully initiated foreclosure proceedings because Wells Fargo did not hold the security deed and, therefore, lacked the present right to possession of her property. After discovery, Johnson & Freedman moved for summary judgment, which the district court granted.

*Minnifield v. Johnson & Freedman II, LLC*, 522 Fed. Appx. 782, 783 (11th Cir. 2013).

In the district court, Johnson & Freedman presented evidence that Wells Fargo had a right to possession of the property via an enforceable security interest as of May 1, 2005, and Minnifield submitted no evidence that Wells Fargo was not the owner of the security deed at the time Johnson & Freedman sent her the foreclosure notice. Id. at 784. Because Minnifield failed to rebut Johnson & Freedman's evidence that Wells Fargo was the holder of the security deed and therefore authorized to foreclose on her property, the 11th Circuit held that summary judgment was authorized on Minnifield's Fair Debt Collection Practices Act claim. Id.

While her prior action was on appeal, Minnifield filed the present action against Wells Fargo itself and Richard B. Maner, P.C., another law firm that initiated foreclosure proceedings against Minnifield on behalf of Wells Fargo. Minnifield asserted claims against Wells Fargo for wrongful attempted foreclosure, violation of

3

OCGA § 23-2-114 (Powers of Sale), violation of the Fair Debt Collection Practices Act, violations of the Georgia Racketeer Influenced and Corrupt Organizations Act (RICO), fraud, violation of OCGA § 44-14-162.2 (Notice of Foreclosure Sale) and OCGA § 44-14-162 (Sale Under Power), and violation of the due process clause of the Georgia Constitution. Minnifield sued Maner for violation of the Fair Debt Collection Practices Act (15 U. S. C. § 1692f (6)) and the Georgia RICO Act (for aiding and abetting Wells Fargo). All of these claims stem from Minnifield's contention that Wells Fargo does not have an enforceable security interest in her property and therefore is not authorized to foreclose on it.

2. *The motions to dismiss*.

Minnifield contends that the trial court erred by considering exhibits attached to Wells Fargo's motion to dismiss without notifying her that the court intended to convert the motions to dismiss into motions for summary judgment. Because Minnifield had sufficient notice – indeed had herself relied on the documents the trial court appears to have considered – that contention is without merit. The exhibits to the motion included the March 2005 security deed from Argent Mortgage Company to Minnifield , the assignment from Argent to Wells Fargo , Minnifield's complaint

4

in the federal litigation , and the district court's order granting summary judgment to Johnson & Freedman in the federal litigation.

When considering a motion to dismiss for failure to state a claim, a trial court may consider exhibits attached to and incorporated into the complaint and answer. *Babalola v. HSBC Bank, USA, N.A.*, 324 Ga. App. 750, 751 n.4 (751 SE2d 545) (2013). But if matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment, and all parties shall be given a reasonable opportunity to present all material made pertinent to such a motion by OCGA § 9-11-56. OCGA § 9-11-12 (b).

The record does not specify which documents the trial court considered. Minnifield did not designate the transcript of the motion hearing as part of the record on appeal and the trial court's order does not specify what the court reviewed prior to ruling on the motions to dismiss. But we infer that the trial court must have considered orders from the federal court litigation in resolving the collateral judgment issue.

The trial court did not err in considering those federal court orders. The record reflects that Minnifield had sufficient notice that those orders would be considered in this action. In her complaint, she described the federal litigation, quoted

5

extensively from one of the district court's orders, and noted that the federal litigation was ongoing at the time. And in Minnifield's response to Wells Fargo's motion to dismiss, she again relied on a portion of an order from the federal litigation. The trial court is not required to give the party opposing a motion to dismiss for failure to state a claim "an opportunity to obtain evidence or materials if the opposing party has already had notice that such would be required." *Cox Enterprises v. Nix*, 273 Ga. 152, 154 (538 SE2d 449) (2000) (citation and punctuation omitted), rev'd in part on other grounds, *Cox Enterprises v. Nix*, 274 Ga. 801 (560 SE2d 650) (2002). Thus, Minnifield has not shown that the trial court erred by failing to give her notice that the court would consider orders from the federal litigation prior to ruling on the motions. See id.

With respect to the other exhibits to Wells Fargo's motion to dismiss, there is no indication that the trial court considered those exhibits before ruling on the motions. Similarly, we may not consider those exhibits in reviewing the trial court's grant of those motions. See *Babalola v. HSBC Bank, USA, N.A.*, 324 Ga. App. at 751 n.4.

3. *Collateral estoppel*.

Minnifield contends that the trial court erred by concluding that her complaint against Wells Fargo and Maner was barred by collateral estoppel. She argues that the ruling was incorrect because the claims in this action are not identical to the claims brought in the prior action and because the prior action did not involve the same parties or their privies.

The doctrine of collateral estoppel "precludes the re-adjudication of an issue that has previously been litigated and adjudicated on the merits in another action between the same parties or their privies." *Copelan v. Copelan*, 294 Ga. 840, 841 (755 SE2d 739) (2014) (citations and punctuation omitted).

"[C]ollateral estoppel does not require identity of the claim – so long as the issue was determined in the previous action and there is identity of the parties, that issue may not be re-litigated, even as part of a different claim." *Coffee Iron Works v. QORE*, 322 Ga. App. 137, 139 (1) (744 SE2d 114) (2013). For collateral estoppel to apply, Minnifield's claims in this action do not have to be identical to the claims she asserted in the prior action. The common and determinative issue in the federal litigation and this litigation is whether Wells Fargo had an enforceable security interest in Minnifield's property such that it had authority to foreclose. The district court held that it did and the 11th Circuit affirmed. Under these circumstances, there

7

is sufficient identity of issues for purposes of collateral estoppel. See *Coffee Iron Works v. QORE*, 322 Ga. App. at 140 (1) (a); see also *Body of Christ Overcoming Church of God v. Brinson*, 287 Ga. 485, 487 (696 SE2d 667) (2010) (where issue in current litigation involves an issue resolved on merits in prior litigation, one aspect of collateral estoppel is established). We therefore conclude that the first element of collateral estoppel has been established.

In Georgia, mutual identity of parties is required for collateral estoppel, which means that there must be an identity of parties or their privies in both actions. *Body of Christ Overcoming Church of God v. Brinson*, 287 Ga. at 486. See also *Wickliffe v. Wickliffe Co.*, 227 Ga. App. 432, 434-435 (1) (489 SE2d 153) (1997) (overruling a line of cases in which we had adopted "[t]he modern trend in applying the doctrines of res judicata and collateral estoppel . . . to confine the privity requirement to the party against whom the plea is asserted" out of deference to our Supreme Court, which has not directly addressed the issue but which has "consistently listed the mutuality of parties requirement as a necessary element in invoking collateral estoppel" and encouraging our Supreme Court "to embrace the modern trend when it does directly address this issue.").

8

As to Minnifield there is, of course, identity of the parties in the two actions. Wells Fargo and Maner were not parties to the prior action and must therefore be privies of Johnson & Freedman in order to assert collateral estoppel as a defense in this action.

> Generally speaking, privies are those legally represented at trial. Privity connotes those who are in law so connected with a party to the judgment as to have such an identity of interest that the party to the judgment represented the same legal right; and where this identity is found to exist, all are alike concluded and bound by the judgment.

*Pinkard v. Morris*, 215 Ga. App. 297, 298 (1) (450 SE2d 330) (1994) (citations and punctuation omitted). There is no definition of "privity" that can automatically be applied to all cases involving the doctrine of collateral estoppel because privity depends upon the circumstances. *Coffee Iron Works v. QORE*, 322 Ga. App. at 141 (3). "Privity may be established if the party to the first suit represented the interests of the party to the second suit." Id., citing *Brown & Williamson Tobacco Corp. v. Gault*, 280 Ga. 420, 422 (1) (627 SE2d 549) (2006) (punctuation omitted).

Wells Fargo and the law firm it hired to conduct foreclosure proceedings have an identity of interest in defending against Minnifield's actions for wrongful foreclosure and related claims and specifically, Minnifield's contention that Wells

9

Fargo lacked an enforceable security interest in Minnifield's property. And Maner has the same interest in this litigation as Johnson & Freedman had in the prior litigation – proving that Wells Fargo did have an enforceable security interest in Minnifield's property. In the federal litigation, Johnson & Freedman successfully represented that same legal right by obtaining summary judgment in the law firm's favor on that exact issue and, as privies, Wells Fargo and Maner are entitled to rely on it to preclude re-litigation of the same issue here. See *Bostick v. CMM Properties*, 327 Ga. App. 137, 140 (2) (755 SE2d 895) (2014). Accordingly, we affirm the dismissal of Minnifield's complaint.

*Judgment affirmed. Andrews, P. J., and Ray, J., concur*.